**Patricia Brown, Plaintiff-Appellant, v. Vincent Schoenberg, Defendant-Appellee.**

**Gen. No. 53,735.**

First District, Second Division.

March 10, 1970.

Arthur H. Grant, of Chicago, for appellant.

Angelo Ruggiero, of Chicago, for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

This is an appeal from the dismissal of a complaint which sought to establish defendant's paternity as the father of a child born to plaintiff on August 30, 1966.

On July 26, 1966, prior to the birth of the child, a complaint was filed by the State's Attorney of Cook County on behalf of plaintiff to establish the paternity of the defendant as the father of plaintiff's then unborn child. Hearing on the matter was continued from time to time, and the complaint was eventually dismissed on December 1, 1966, for want of prosecution.

On May 26, 1967, plaintiff filed, in her own name, a second complaint against the defendant, alleging the same grounds contained in the first complaint. On July 18, 1967, defendant filed a motion to dismiss the second complaint for the reasons that it was based upon the same grounds as those alleged in the first complaint and that Illinois Supreme Court Rule 273 barred the filing of the second complaint because the first suit had been dismissed for want of prosecution which was an adjudication of the matter on its merits. Plaintiff filed a motion to strike the motion to dismiss, which motion denied the applicability of Rule 273 to the case, and which further alleged that a dismissal for want of prosecution did not constitute an involuntary dismissal of the first action. On July 26, 1967, plaintiff's motion to strike was denied, defendant's motion to dismiss was allowed, and the second suit was dismissed.

Plaintiff thereafter filed a motion requesting the trial court to reconsider its rulings on the two prior motions, alleging that the court was in error in holding that the dismissal of the first complaint for want of prosecution constituted an adjudication of the merits of the case and that the court also erred in holding that Rule 273 applied to the filing of the second complaint. After hearings, the motion to reconsider was denied and the trial

court permitted its original order dismissing the second complaint to stand.

On or about November 16, 1967, within the time prescribed by rule, plaintiff filed her notice of appeal to this court from the order dismissing the second complaint. On motion of defendant, that appeal was dismissed on June 6, 1968, for errors on plaintiff's part whereby she failed to perfect the appeal. A subsequent petition for rehearing of the dismissal of the appeal was denied by this court. Plaintiff did not file a petition for leave to appeal to the Supreme Court.

On August 30, 1968, plaintiff filed a third complaint against the defendant, again alleging the same grounds as alleged in the first two complaints. Defendant once again filed a motion to dismiss that complaint, on the grounds that the dismissal of the second complaint constituted a dismissal of that case on the basis of res judicata, thereby barring a subsequent complaint between the parties based upon the subject matter. The motion to dismiss the third complaint was allowed, the third suit was dismissed, and this appeal followed.

We are of the opinion that the dismissal of the second complaint, together with plaintiff's failure to test the correctness of that dismissal order by means of an effective appeal, operate as a bar to the filing of any subsequent suit in this matter.

██ The original complaint was dismissed for want of prosecution on December 1, 1966. The second complaint, filed on May 26, 1967, was thereafter dismissed on the ground that, as plaintiff here concedes, the trial court was of the opinion that Rule 273 of the Supreme Court rendered the dismissal of the first complaint an adjudication on its merits, which in turn was res judicata as to the filing of the second complaint. The dismissal of the second complaint, whether properly or improperly

ordered by the trial court, was consequently an adjudication on the question of whether the dismissal of the first complaint barred the filing of a subsequent complaint on the same subject. The correctness of the ruling on the motion to dismiss the second complaint could have been tested only by means of an appeal from that ruling, which plaintiff did attempt to prosecute.

However, for procedural errors, the appeal taken from the second dismissal order was dismissed. A petition for rehearing was subsequently denied by this court, and plaintiff admittedly made no application to the Supreme Court for leave to appeal. Consequently, the order of the trial court dismissing the second complaint, whether erroneous or not, stands as res judicata as to any suit subsequently filed between the parties with respect to the subject matter. (See City of Elmhurst v. Kegerreis, 392 Ill 195, 203, 64 NE2d 450; see also People ex rel. McAllister v. East, 409 Ill 379, 383, 100 NE2d 746.) The trial court properly dismissed the third complaint filed by plaintiff.

Plaintiff cites the case of Casillas v. Rosengren, 86 Ill App2d 139, 229 NE2d 141, as standing for the proposition that a dismissal for want of prosecution does not bar a refiling of the suit on the same issues and between the same parties. In the light of the facts of this case, the Casillas case is inapposite. The question here is not whether Rule 273 does or does not permit the refiling of the case which was dismissed for want of prosecution.

In Casillas, plaintiff filed her personal injury action shortly after the injury occurred. No action was taken by plaintiff in the matter for about two years, and, pursuant to the rules of the particular circuit court, the case was dismissed for want of prosecution with leave to refile the case within 90 days. Almost two years after

the dismissal, plaintiff filed a petition under section 72 of the Civil Practice Act seeking to reopen the case, alleging certain reasons for her delay in prosecuting the matter initially. The petition was denied.

One month after the denial of the section 72 petition, plaintiff filed a second complaint, alleging the same grounds alleged in the first complaint, which was subsequently dismissed on the grounds that the denial of the section 72 petition "was determinative" of the issues in the case and that the matter was consequently res judicata.

The dismissal of the second complaint was appealed and the Appellate Court held that the plaintiff had a right to refile the case, and that the denial of the section 72 petition was not determinative of all the issues in the case, but only those issues raised by the petition.

The posture of the Casillas case, as it reached the Appellate Court, was identical to the posture of the instant matter at the time of the entry of the order dismissing plaintiff's second complaint and its appeal to this court the first time. As was successfully accomplished in the Casillas case, plaintiff here could have tested the correctness of the trial court's ruling on the motion to dismiss the second complaint to determine if its filing was barred by reason that Rule 273 rendered the dismissal of the first complaint res judicata as to the filing of a subsequent suit between the parties on the same subject matter. However, unlike Casillas, plaintiff here failed to perfect the appeal and the order of the trial court dismissing the second complaint on the grounds that its filing was barred by the dismissal of the first complaint remains in full force and effect, thereby effectively barring the filing of any subsequent suit in this matter.

The question of whether Rule 273 has a retroactive effect has been answered by this court in Mages Sports

v. Winston Park Shopping Center, 112 Ill App2d 409, 251 NE2d 334. Nevertheless, that question does not arise in the instant case since this is not the appeal taken from the dismissal of the second complaint, wherein such matter could have been tested.

For these reasons the judgment is affirmed.

Judgment affirmed.

McCORMICK, P. J. and LYONS, J., concur.