Oscar Paul Glover, Plaintiff-Appellant, *v.* Zoe Marie Glover, Defendant-Appellee.

(No. 60129;

First District (3rd Division)—November 21, 1974.

*Rehearing denied December 19, 1974.*

Weiner and Spak, of Chicago (Lawrence Jay Weiner and Joel S. Ostrow, of counsel), for appellant.

Partee & Green, of Chicago, for appellee.

Mr. PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Oscar Paul Glover, appeals from an order of the circuit court of Cook County denying his second petition filed under section 72 of the Civil Practice Act to vacate a decree of divorce awarded to defendant/counter-plaintiff, Zoe Marie Glover. Plaintiff also appeals from an order finding him guilty of contempt of court.

The parties were divorced pursuant to decree entered on May 24, 1971, upon defendant's counter-complaint. The decree awarded custody of the children to defendant and required plaintiff to pay child support. No appeal was taken from that decree.

Approximately 1 year after the entry of the decree, plaintiff filed a petition under section 72 of the Civil Practice Act to vacate the decree of divorce. On May 31, 1972, the section 72 petition was denied, and no appeal was taken from that order. On May 29, 1973, plaintiff filed a second section 72 petition seeking a vacatur of the order of May 31, 1972, denying his first petition. On January 24, 1974, the court denied plaintiff's second petition.

On February 28, 1974, the trial court entered an order requiring plaintiff to pay to defendant the sum of $2,525 for child-support payments then in arrears. The court also found him guilty of contempt for his failure to abide by the child-support provisions of the decree of divorce.

The court sentenced plaintiff to jail until he paid said amount to defendant, but such sentence was not to exceed a period of 6 months.

This court subsequently stayed the enforcement of the trial court's order of contempt on condition that plaintiff file an appeal bond in the amount of $2,525. A bond in that amount has been filed. Plaintiff has also filed a brief, a record and a designation of excerpts. Defendant has filed a motion to dismiss the appeals, and plaintiff has filed objections to that motion.

The decree of divorce entered on May 24, 1971, incorporated an agreement between the parties. Approximately 1 year later plaintiff filed a section 72 petition, which does not appear of record in the instant case. Defendant's answer to that petition, however, is contained in the record. That answer asserted defendant's marriage to plaintiff was valid because a prior marriage which she entered with one Charles Hayes had been annulled. The order of May 31, 1972, denying the section 72 petition specifically recited that the marriage between plaintiff and defendant was validated by the annulment of defendant's marriage to Charles Hayes. That order further recited that the trial court heard the testimony of the witnesses, the arguments of counsel and that it was fully advised in the premises. No appeal was taken from that order. The present record does not contain a report of the proceedings taken at that hearing.

The second section 72 petition, filed by plaintiff in 1973, set forth in detail the circumstances surrounding defendant's marriage to Hayes, her marriage to plaintiff, the annulment of the Hayes' marriage, and charged that defendant had secured the decree of annulment and the present decree of divorce by fraud and through concealment and misrepresentation. On January 24, 1974, that petition was denied. The order denying the petition recited that the court considered the pleadings, heard arguments of counsel and was advised in the premises. Again, the present record contains no report of proceedings taken at that hearing.

The order of contempt and commitment, entered February 28, 1974, likewise specifically recites that the trial court heard testimony of witnesses and argument of counsel, and that it was fully advised in the premises. The instant record contains no report of proceedings taken at that hearing.

Defendant's position that the present appeals must be dismissed is correct. Plaintiff has failed to incorporate into the record the following necessary documents: a copy of the first section 72 petition, the report of proceedings taken at the hearings at which both petitions were denied, and the report of proceedings taken at the hearing resulting in the order of contempt and commitment. Plaintiff's failure to include

these matters in the record precludes the court from a proper consideration of the orders which he appeals. Furthermore, on the record as it stands, it appears that the grounds raised in the first section 72 petition seeking to vacate the decree of divorce were substantially the same as those offered in the second petition, thereby giving the trial court ample basis upon which to deny the latter petition.

■■■ It is incumbent upon the party appealing the judgment to bring up as much of the trial court record as is necessary to completely dispose of the issues presented on appeal. Where portions of the record are lacking, it will be presumed that the trial court acted properly in the entry of the challenged order and that such order is supported by that part of the record not before the reviewing court. (*Perez v. Janota* (1969), 107 Ill.App.2d 90, 246 N.E.2d 42.) This court has held that a dismissal of the appeal under similar circumstances is proper. *Denenberg v. Prudence Mutual Casualty Co.* (1970), 120 Ill.App.2d 68, 256 N.E.2d 71; *Frederick Chusid & Co. v. Collins Tuttle & Co.* (1973), 10 Ill.App. 3d 818, 295 N.E.2d 74.

■■■ Plaintiff counters by arguing that he may challenge the decree of divorce at any time and in any court because it is void, in that it was procured by fraud, concealment and misrepresentation. However, the order denying plaintiff's first section 72 petition specifically recited that the underlying marriage between plaintiff and defendant was validated by the annulment of defendant's prior marriage to Charles Hayes. Plaintiff's failure to appeal the denial of that first petition bars any attempt to relitigate that issue. While a void judgment may be challenged at any time and ordinarily will not bar further proceedings in that same regard (see *Lytton v. Cole* (1964), 54 Ill.App.2d 161, 203 N.E.2d 590), the instant decree of divorce was not itself void. Plaintiff's marriage to defendant was declared valid by the circuit court. Plaintiff neither tested the correctness of that determination by appeal nor has he provided this court with means by which to do so. *Brown v. Schoenberg* (1970), 121 Ill.App.2d 342, 257 N.E.2d 539.

■■■ As we have noted, plaintiff is also appealing from an order requiring him to pay defendant the amount of $2,525 for arrearages in child support payments. The court further sentenced plaintiff to jail until said sum was paid, but not to exceed 6 months. In this court, plaintiff has filed a surety bond in the amount of $2,525 undertaking along with the surety, to pay the defendant "any part of the Order which is not reversed * * *." One who executes an appeal bond securing payment of a judgment is thereby estopped from denying the validity of that judgment. The obligation under the bond becomes enforceable upon a dismissal of the appeal from the judgment upon non-

jurisdictional grounds. See *City of Chicago v. McGhee* (1960), 26 Ill. App.2d 24, 167 N.E.2d 566; *People ex rel. Empress Farms, Inc., v. United States Trotting Association* (1973), 13 Ill.App.3d 327, 300 N.E. 2d 18.

██ Therefore, the amount of $2,525 is directed to be turned over to defendant out of the proceeds of the bond. (Supreme Court Rule 366(a)(5), Ill. Rev. Stat. 1973, ch. 110A, par. 366(a)(5).) Upon payment of that amount to defendant, the judgment of the circuit court of Cook County finding plaintiff guilty of contempt and sentencing him to jail is vacated.

Accordingly, the appeals are dismissed.

Appeals dismissed.

DEMPSEY and MEJDA, JJ., concur.