ROBERT E. LANDRUM, Plaintiff-Appellee, *v.* TIME D. C., INC., *et al.,* Defendants-Appellants.

First District (4th Division)    No. 79-810

Opinion filed June 19, 1980.

Thomas J. Keevers, of Chicago, for appellants.

Richard J. Aronson, of Chicago, for appellee.

Mr. PRESIDING JUSTICE LINN delivered the opinion of the court:
This interlocutory appeal is brought by defendants, Time D.C., Inc., and Albert Jensen, pursuant to the provisions of Supreme Court Rule 308 (Ill. Rev. Stat. 1977, ch. 110A, par. 308). Rule 308 allows this court to permit an appeal to answer a question of law as to which there is substantial ground for difference of opinion, the answer to which would materially advance the ultimate termination of the litigation. We granted permission to appeal an order entered in the circuit court of Cook County granting plaintiff's motion for summary judgment on the issue of defendants' liability for plaintiff's personal injuries arising out of a multivehicle accident.

We are asked on this appeal to interpret the language of section 22(4) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 22(4)), which says:

"A judgment in an action brought and conducted by a subrogee by virtue of the subrogation provision of any contract or by virtue

of any subrogation by operation of law, whether in the name of the subrogor or otherwise, is not a bar or a determination on the merits of the case or any aspect thereof in an action by the subrogor to recover upon any other cause of action arising out of the same transaction or series of transactions."

The question presented is: When a defendant has lost a judgment in a property damage action brought by the insurer-subrogee, can the plaintiff-subrogor in his subsequent action for personal injuries arising out of the same occurrences that gave rise to the property damage claim assert that defendant is collaterally estopped from relitigating the issue of defendant's liability for negligence?

We hold that, because of the provisions of section 22(4), plaintiff cannot assert that defendant is collaterally estopped from relitigating the issue of defendant's liability for negligence. Hence, we reverse the order of the trial court granting plaintiff's motion for summary judgment and remand for further proceedings.

The facts in this case are not in dispute.

On January 24, 1975, a multivehicle accident occurred on the Dan Ryan Expressway in Chicago. Plaintiff, Robert E. Landrum, was the driver of one vehicle. Plaintiff was allegedly injured and his vehicle was damaged. Defendant Jensen was the driver of another vehicle. At the time, Jensen was an employee of defendant Time D. C., Inc., and was allegedly acting within the scope of his employment.

Subsequently, plaintiff was reimbursed by his insurance company for the damage that occurred to his vehicle. The insurance company then brought an action against defendants, in plaintiff's name, to recover the amount it had reimbursed to plaintiff. At the time, plaintiff, who was (and still is) represented by the same counsel as his insurance company, joined in the complaint and brought an action against defendants for his personal injuries. Thereafter, plaintiff voluntarily dismissed his claim for personal injuries without prejudice, and defendants filed their answer to the property damage claim.

This original action went to trial and the jury returned a verdict finding defendants liable in negligence for the property damage done to plaintiff's vehicle. By answer to special interrogatory, the jury also found that plaintiff was free from contributory negligence. A judgment was entered against defendants; whereupon, plaintiff brought this action against defendants for his personal injuries.

Defendants answered plaintiff's complaint and denied all of the material allegations in the complaint. Plaintiff then moved for summary judgment on the issue of defendants' liability. The basis of his motion was estoppel by verdict (collateral estoppel). Plaintiff asserted that defendants were estopped from denying that they were liable in negligence or that

plaintiff was free from contributory negligence because of the prior judgment in the property damage action.

In answer to plaintiff's motion, defendants asserted the provisions of section 22(4) of the Civil Practice Act. Defendants contended that, under the statute, the prior judgment obtained by the insurer-subrogee could have no effect on the present case. The trial court granted plaintiff's motion, holding that section 22(4) was intended by the legislature to protect only a plaintiff-subrogor when a defendant had won a judgment in the prior action brought by the subrogee and was not intended to protect a defendant who had lost the prior judgment. Upon defendants' request, the trial court certified the question of law presented to this court.

OPINION

Defendants assert that the language of section 22(4) of the Civil Practice Act is clear and unambiguous and must be interpreted in their favor. The statute says that the judgment entered in the prior action brought by the subrogee (insurer in this case) is not a "bar" to a subsequent action brought by the subrogor (plaintiff in this case). The statute also says that the prior judgment shall not act as a "determination on the merits of the case or any aspect thereof" in the subsequent action by the subrogor-plaintiff. According to defendants, this latter clause can only mean that the issues determined in the prior case are not to be deemed determined in the subsequent case. In other words, under the statute, the prior judgment is to have no effect on the subsequent action.

Plaintiff alleges that the language of the statute must be interpreted to carry out the legislature's intent in enacting the statute. Plaintiff contends that the statute was intended only to protect plaintiffs-subrogors from the harsh effects of bar and estoppel by verdict and not to protect a defendant. As evidence of this intent, plaintiff has cited the Joint Committee Comments accompanying the statute. See Ill. Ann. Stat., ch. 110, par. 22 (Smith-Hurd 1968), and notes following.

According to the comments, the purpose of section 22(4) was to prevent a potential hardship on plaintiffs-subrogors in cases similar to the present case. Prior to the enactment of section 22(4), a plaintiff-subrogor could have suffered a great hardship because of the rules of res judicata as to bar and estoppel by verdict. The situation could arise where an insurer-subrogee would pay the plaintiff-subrogor for his property damage, bring an action against a defendant in negligence to recover the property damage, and subsequently lose the action. The plaintiff-subrogor, who either had no knowledge of this action or, if he did have knowledge, had no control over the litigation, faced two potential hardships that would preclude him from succeeding in a second action for his personal injuries.

First, he faced the possibility that the prior action would bar the subsequent action. Under the doctrine of bar, a party, or those in privity with that party, cannot again maintain the same cause of action against a defendant, or his privies, who has won a previous judgment. (See *Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 382 N.E.2d 1217.) It could have been found that the property damage claim and the personal injury claim were in essence one cause of action, and, since plaintiff was in privity with the insurer-subrogee, he was barred from bringing his new action.

Second, even if a court refused to hold that the actions were the same, the plaintiff-subrogor could be precluded from relitigating the issue of defendant's negligence by the doctrine of estoppel by verdict (collateral estoppel). Under that doctrine, a party, or his privies, who loses a previous judgment in a case against defendants, or his privies, is estopped from denying the conclusiveness of a material issue determined in the prior suit, which material issue is also presented in the subsequent suit. (*Claiborne v. Hutchinson* (1978), 67 Ill. App. 3d 374, 385 N.E.2d 29.) Thus, plaintiff-subrogor, in his action for personal injuries against a defendant who had won his case against the subrogee, could be estopped from denying defendant's freedom from negligence, an issue determined in the insurer-subrogee's suit against defendant.

According to the Joint Committee Comments, the legislature considered the foregoing results to be unjust to the plaintiff-subrogor and enacted section 22(4) to prevent such results. Plaintiff alleges that the comments prove the legislature intended to protect only plaintiffs-subrogors from the harsh effects of bar and estoppel by verdict when a defendant won the prior judgment, and did not intend to protect a defendant from the effects of estoppel by verdict when he lost the prior judgment.

We find two distinct reasons for rejecting plaintiff's argument, each of which we will discuss separately.

I

■■ The first reason involves the basic rules of statutory interpretation as to what we can consider in determining the meaning of a statute. These basic rules were discussed by our supreme court in *Franzese v. Trinko* (1977), 66 Ill. 2d 136, 361 N.E.2d 585, where it was said:

> "The language of a statute must be given its plain and ordinary meaning. 'It is a primary rule in the interpretation and construction of statutes that the intention of the legislature should be ascertained and given effect. [Citations.] This is to be done primarily from a consideration of the legislative language itself, which affords the best means of its exposition and if the legislative intent can be

ascertained therefrom it must prevail and will be given effect without resorting to other aids for construction. [Citations.] There is no rule of construction which authorizes a court to declare that the legislature did not mean what the plain language of the statute imports.' *Western National Bank of Cicero v. Village of Kildeer*, 19 Ill. 2d 342, 350." 66 Ill. 2d 136, 139-40, 361 N.E.2d 585, 587.

■■ We believe that the language of section 22(4) is clear and unambiguous. It says that a judgment in an action brought by a subrogee shall not be a bar or a determination on the merits of the case in a subsequent action brought by the subrogor. By saying that the prior judgment shall not be a determination on the merits of the case in the subsequent action, the statute could only mean that the material issues determined in the prior action shall not be considered to be determined in the subsequent action.

In effect, the statute says that the prior judgment shall have no effect on the subsequent action brought by the subrogor. The statute does not say that this applies only when the defendant wins the prior action, but plaintiff would have us read this exception into the statute because of the Joint Committee Comments. This we cannot do because, under the rules of statutory interpretation, if the intent of the legislature can be ascertained from the plain language of the statute, we are precluded from resorting to secondary aids of construction. Since the plain language of section 22(4) says that the prior judgment in an action brought by the subrogee shall have no effect on the subsequent action brought by the subrogor, we must accept that language as controlling.

■■ Accordingly, we hold that the plain language of the statute prohibits the plaintiff in the present case from alleging that the prior judgment can act as a determination on the merits as to the issues of defendants' negligence and plaintiff's freedom from contributory negligence.

## II

The second reason for rejecting plaintiff's contention involves an analysis of section 22(4) even in light of the Joint Committee Comments, assuming, for the purpose of argument, that we should consider them.

Section 22(4) is a statutory exception to the basic rules of res judicata. The section allows a plaintiff, in cases similar to the present one, to split his cause of action, something he would not be able to do without the legislature having enacted the statute. The rules of res judicata serve a two-fold purpose. They promote judicial economy by requiring the immediate parties to litigate, in one case, all of their rights arising out of the same set of operative facts, and they prevent the unjust burden that would be suffered by a party who, without the rules of res judicata, would

be forced to continuously relitigate what is essentially the same case. (See *City of Burbank v. Glazer* (1979), 76 Ill. App. 3d 294, 395 N.E.2d 97; *Baird & Warner, Inc. v. Addison Industrial Park, Inc.* (1979), 70 Ill. App. 3d 59, 387 N.E.2d 831; *Ferkel v. Ferkel* (1978), 56 Ill. App. 3d 584, 371 N.E.2d 1289.) The legislature enacted section 22(4) because it believed that the policies justifying the rules of of res judicata were outweighed by the potential harm that could be suffered by a subrogor who did not know of the prior action brought by the subrogee or did not have any control over the prior action if he did know. But the legislature did not intend to promote judicial inefficiency except in cases where it was necessary.

Hence, if a plaintiff-subrogor knows of the prior action and is able to join his claim for personal injuries in that action, he should do so, because such action on the plaintiff-subrogor's part would just as much prevent the potential harm that section 22(4) was designed to prevent as the section does, in fact, prevent. Under the plain language of section 22(4), the plaintiff-subrogor can split his cause of action regardless of whether he could have joined his claim for personal injuries in the action brought by the insurer-subrogee, but, even so, we should not interpret section 22(4) in a way that would promote judicial inefficiency by giving a plaintiff-subrogor a special advantage by his refusal to join his claim for personal injuries with the subrogee's claim for property damages when he can so join.

The present case aptly demonstrates how section 22(4), if interpreted how plaintiff would have us interpret it, could be used to promote judicial inefficiency when it is not necessary to do so in order to protect the plaintiff-subrogor from the harm to be prevented by the section. The plaintiff here had the same attorney as his insurer-subrogee. The plaintiff, in fact, joined his claim for personal injuries in the suit brought by the insurer-subrogee to recover the property damages, but then voluntarily dismissed that claim. The reason for doing so is obvious.

Under plaintiff's interpretation of section 22(4), he could not possibly have lost anything by refusing to join his claim in the subrogee's action, since he would have been able to relitigate all of the material issues if defendant won the prior action. Also, by refusing to join his claim, he stood to gain a great deal when defendant lost the prior judgment because plaintiff could assert estoppel by verdict against defendant in his subsequent action. To allow plaintiff to do this would be to promote judicial inefficiency by promoting a multiplicity of suits when it is not necessary to do so.

Accordingly, we must find that plaintiff cannot assert estoppel by verdict in the present case. By preventing the plaintiff from acquiring this advantage, we will promote judicial economy because no special advantage will accrue to a plaintiff-subrogor who has the opportunity to

join his claim in the action brought by the subrogee but declines to do so. Without the special advantage, the plaintiff-subrogor may be inclined to join the subrogee's action when he can do so, thus preventing the very harm that section 22(4) was designed to prevent without engaging in the two separate actions that are allowed by section 22(4). Also, even if the plaintiff-subrogor cannot join in the subrogee's action, he may be inclined to bring his own action while the subrogee's action is pending, since he would gain nothing by waiting, thus creating the opportunity to have the actions consolidated if a court deems it proper, thereby preventing the necessity of two trials.

Accordingly, for the reasons noted, we reverse the order of the trial court granting plaintiff's motion for summary judgment, and remand the cause for further proceedings.

Reversed and remanded.

JOHNSON and ROMITI, JJ., concur.