LEONARD BRONSTEIN, Plaintiff-Appellant, *v.* MICHAEL W. KAL-CHEIM, *et al.*, Defendants-Appellees.

First District (1st Division)   No. 83—1381

Opinion filed July 30, 1984.

Wayne B. Giampietro, of Chicago (DeJong, Poltrock & Giampietro, of counsel), for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith and Robert J. Milligan, of counsel), for appellee Charles I. Calisoff.

Barry T. McNamara and Jean MacLean Snyder, both of Chicago (D'Ancona & Pflaum, of counsel), for other appellees.

PRESIDING JUSTICE BUCKLEY delivered the opinion of the court:

This appeal arises out of an action brought in the circuit court of Cook County by plaintiff, Leonard Bronstein, against his former attorneys, Michael W. Kalcheim, Kalcheim & Kalcheim, Ltd., and Charles I. Calisoff. Plaintiff alleged that he incurred tax liabilities as a result of his reliance on allegedly negligent advice he received from defendants in a divorce proceeding. The trial court dismissed the action on grounds that it was barred by the dismissal with prejudice of a prior lawsuit brought by plaintiff against the defendants. Plaintiff appeals the dismissal. We affirm.

The record shows that plaintiff has attempted three times to sue these same defendants on the same cause of action. In each of the three lawsuits, plaintiff alleged that defendants represented him in a divorce action, and that they gave him incorrect advice regarding the tax consequences of a proposed settlement for the divorce. Specifically, in each suit plaintiff alleged that defendants, as his attorneys, advised him that if he would agree to pay the sum of $14,000 to his wife, Lenore Bronstein (Lenore) as part of their divorce settlement, the payment would constitute income to her and would thus be deductible from plaintiff's gross income in the year paid. The complaint further alleged that at the time this advice was given defendants knew that the $14,000 payment would actually be used by Lenore to satisfy certain attorney fees and unpaid marital debts and therefore would not be tax deductible to plaintiff.

The complaints further alleged that plaintiff, relying upon defendants' advice, made the $14,000 payment and deducted it on his income tax return for the year in question. When he subsequently was audited by the Internal Revenue Service, the deduction was disallowed on the basis that it was not the type of payment contemplated by the applicable section of the Internal Revenue Code. As a result, a deficiency in the amount of $7,252.05 was assessed against plaintiff. On June 19, 1981, the United States Tax Court upheld the determination by the Internal Revenue Service.

Plaintiff filed his first lawsuit against defendants, referred to now as *Bronstein* I, in January 1979, which was prior to the tax court's ruling. This suit was predicated on an implied indemnity theory. The

one-count amended complaint alleged that defendants had, by their acts, impliedly indemnified him to the extent of the tax savings he would have had if his deduction was allowed. Additionally, plaintiff prayed in the amended complaint "that defendants be found to have been negligent and to pay the plaintiff all damages arising out of such negligence." Defendants filed a motion to strike and dismiss the amended complaint on grounds that plaintiff had not pleaded facts sufficient to establish breach of duty and damages.

In September 1979, the trial court granted defendants' motion and dismissed *Bronstein* I with prejudice. In November 1980, the dismissal was affirmed on appeal. (*Bronstein v. Kalcheim & Kalcheim, Ltd.* (1980), 90 Ill. App. 3d 957, 414 N.E.2d 96.) This court stated that it need not reach the issue of defendants' alleged negligence because plaintiff's action was premature in that his tax liability had not yet been determined in the tax court. (90 Ill. App. 3d 957, 959-60.) The court proceeded to hold, however, that the trial court properly dismissed the amended complaint because no theory of indemnity was applicable. 90 Ill. App. 3d 957, 960.

Plaintiff filed his second suit, *Bronstein* II,[1] in December 1979, which was only two months after the dismissal of *Bronstein* I and was prior to this court's above mentioned decision. Defendants filed a motion to dismiss *Bronstein* II on *res judicata* grounds. In June 1980, the trial court granted the motion and dismissed *Bronstein* II with prejudice. Plaintiff never appealed the dismissal.

In June 1982, two years after the dismissal of *Bronstein* II, plaintiff filed his third lawsuit, *Bronstein* III. It is this third lawsuit which forms the basis for the present appeal. The allegations in the complaint filed in *Bronstein* III are based on the same operative facts as those set forth in the two previous suits. However, there is a difference in legal theories: in *Bronstein* I, plaintiff sued on a theory of implied indemnity; in *Bronstein* II, plaintiff sued for implied indemnity as well as for negligence and wilful misconduct, while only these two latter theories are set forth in *Bronstein* III. Additionally, when the

---

[1]Michael Kalcheim originally was named as a defendant in *Bronstein* I, but his name was dropped from the caption in the amended complaint, presumably upon discovery that the law firm of Kalcheim & Kalcheim, Ltd., of which Michael Kalcheim was an officer, was a professional corporation and could be sued as such. Similarly, in *Bronstein* II the law firm was named, but not Michael Kalcheim. However, the claims against the law firm in these two suits were based on allegations against Michael Kalcheim that are identical in substance to those in the present suit. In *Bronstein* I and II, Michael Kalcheim is described as an "agent" of party defendant Kalcheim & Kalcheim, Ltd., which the earlier complaints alleged acted "by and through" him.

first two cases were filed and decided, the tax court had not yet ruled against plaintiff, although the Internal Revenue Service had disallowed the deduction at issue.

Defendants filed motions to dismiss *Bronstein* III on *inter alia* *res judicata* grounds. The trial court granted the motion in a written opinion, holding that the dismissal with prejudice of *Bronstein* II constituted a bar to the bringing of any subsequent action involving the same parties and the same cause of action. The trial court dismissed *Bronstein* III with prejudice, and this appeal followed.

■ On appeal, plaintiff argues that the trial court erred in finding that *Bronstein* III was barred under the doctrine of *res judicata*. This doctrine provides that a dismissal on the merits rendered by a court of competent jurisdiction is conclusive of the parties and their privies, and as to them constitutes an absolute bar to a subsequent action involving the same claim or cause of action. (*Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 122, 382 N.E.2d 1217.) Hence, the dismissal of *Bronstein* II operates as a bar to the instant suit if: (1) both suits involve the same parties or privies and the same cause of action; and (2) the dismissal of *Bronstein* II was an adjudication on the merits. Here, plaintiff concedes that *Bronstein* I, II and III all involve the same parties or their privies and the same cause of action. He disagrees, however, that the dismissals of *Bronstein* I and II were adjudications on the merits.

■ Supreme Court Rule 273 specifies what constitutes an adjudication on the merits. It provides:

> "Unless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits." (58 Ill. 2d R. 273.)

Therefore, under this rule involuntary dismissals are deemed adjudications on the merits unless one of two sets of exceptions apply. The first exception requires that a statute or the order itself specify that the dismissal is not on the merits. The second exception identifies three bases for dismissal which shall not constitute adjudications on the merits—lack of jurisdiction, improper venue or failure to join an indispensable party. Here, the dismissals of *Bronstein* I and II were involuntary and did not fall within these two exceptions. Accordingly, the dismissals were adjudications on the merits under Supreme Court Rule 273. Moreover, the dismissals in each case were with prejudice. This court has made it clear that a dismissal with prejudice is an adjudication on the merits (*Van Slambrouck v. Marshall Field & Co.*

(1981), 98 Ill. App. 3d 485, 487, 424 N.E.2d 679), and is deemed to be conclusive of the rights of the parties as if the matter had proceeded to trial and had been resolved by a final judgment adverse to the plaintiff (*Morris v. Union Oil Co.* (1981), 96 Ill. App. 3d 148, 156, 421 N.E.2d 278).

We note that plaintiff erroneously relies on *Kutnick v. Grant* (1976), 65 Ill. 2d 177, 357 N.E.2d 480, and *Gilbert v. Braniff International Corp.* (7th Cir. 1978), 579 F.2d 411. Neither case involved a disposition on the merits. In *Kutnick*, a statute specified that the plaintiff's suit could be refiled. In *Gilbert*, the order of dismissal itself specified that plaintiff could amend his complaint. Therefore, both cases fall within the first exception contained in Rule 273. As such, neither case is controlling in the case before us.

Plaintiff further maintains that *Bronstein* II was premature, and cites a number of cases holding that a dismissal on grounds that a suit is premature is not an adjudication on the merits. These cases are inapplicable, however, because *Bronstein* II was not dismissed on grounds that it was premature. Rather, it was dismissed with prejudice because the trial court ruled that the dismissal of *Bronstein* I was a *res judicata* bar to *Bronstein* II. The dismissal of *Bronstein* II, whether or not erroneous, was an adjudication on the merits. *Brown v. Schoenberg* (1970), 121 Ill. App. 2d 342, 257 N.E.2d 539.

In this appeal from the dismissal of *Bronstein* III, plaintiff apparently is seeking to establish that the dismissal of *Bronstein* II with prejudice was erroneous. However, the question of whether that dismissal was erroneous is not to be considered by this court in determining whether the dismissal operates as a *res judicata* bar to the instant suit. (*Brown v. Schoenberg* (1970), 121 Ill. App. 2d 342, 346-47, 257 N.E.2d 539.) If plaintiff indeed believed that an error was made in the adjudication of *Bronstein* II, his proper recourse was to directly appeal the dismissal of that suit. (*Bass v. Scott* (1979), 79 Ill. App. 3d 224, 225, 398 N.E.2d 236.) Having elected not to so appeal, plaintiff can not now attempt to relitigate that dismissal by filing a third lawsuit.

We note that the doctrine of *res judicata* serves to promote judicial economy by requiring parties to litigate, in one case, all rights arising out of the same set of operative facts, and it further prevents the unjust burden that would be suffered by a party who otherwise would be forced to continuously relitigate what is essentially the same case. (*Landrum v. Time, D.C., Inc.* (1980), 85 Ill. App. 3d 985, 990-91, 407 N.E.2d 777.) Here, *Bronstein* I, II and III represent the continuous litigation which the *res judicata* doctrine seeks to prevent.

Accordingly, to eliminate the unjust burden of defending such relitigation, we are compelled to affirm the dismissal of *Bronstein* III.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

GOLDBERG and CAMPBELL, JJ., concur.