BERNARD ALLEN FRIED, Plaintiff-Appellant, v. NAHUM ROSARIO *et al.*, Defendants-Appellees.

First District (4th Division) No. 87—1102

Opinion filed May 26, 1988.—Rehearing denied June 30, 1988.

Richard L. Hoffman, of Chicago, for appellant.

James R. Platt, of Chicago, for appellees.

JUSTICE LINN delivered the opinion of the court:

Plaintiff, Bernard A. Fried, brought an action against Nahum Rosario and Rosario's attorney, James Platt, seeking damages arising out of an alleged wrongful garnishment and slander of title. The trial court dismissed the lawsuit and awarded defendants their attorney fees in the amount of $5,575, plus costs. On appeal, Fried challenges the dismissal of his suit, the dismissal of Platt as a party, the award of fees, and two interlocutory orders that involved the transfer of the cause between the county and law divisions of the circuit court of Cook County.

We affirm.

BACKGROUND

The circumstances of the pending case cannot be separated from those of a prior lawsuit involving the parties. The previous case involved Fried's petition for the issuance of a tax deed to a certain piece of property that Fried had purchased at a scavenger tax sale. In re Application of Cook County Collector, No. 84 CoTDs 178 (tax deed case).

Fried, as highest bidder, paid $425 for the certificate of purchase on a property with tax delinquencies and various other liens. The property had been owned by Dusan Stevanovich and his wife Jovanka.

The Stevanovichs' title to the premises dated from September 1975. Various liens, including memoranda of judgment totalling in excess of $11,000, were recorded against the property. In October 1978, Dusan quitclaimed his one-half interest in the property to Momir Matich, without consideration.

General taxes for the property were not paid for the years 1976 to 1980. At a scavenger sale on June 20, 1983, Fried purchased the property for $425. The sale was confirmed on August 9, 1983.

On August 30, 1983, Dusan and Jovanka Stevanovich executed a

contract to sell the property to Nahum Rosario for $30,000.

In March 1984, Dusan Stevanovich told Rosario, Platt, and a real estate salesman that he had paid $5,000 to Fried for the deed to the premises, which he stated would be forthcoming after the redemption period on the property had passed. Stevanovich had a receipt for the $5,000.

As part of his application for tax deed, Fried was required to sign a form affidavit designed to ensure that the purchaser of property under the scavenger act was not the owner of the property or his agent.[1]

Rosario filed objections to Fried's application for tax deed based on his discovery of the link and possible collusion between Fried and Stevanovich.

On February 15, 1985, the tax deed court, Judge Staniec, sustained Rosario's objections, finding that the "series of transactions clearly show an intent to circumvent the statutory bar of Illinois Revised Statutes, Chapter 120, Section 716(a), which prohibits title holders or their agents from bidding for their property in a scavenger sale." The court accordingly denied and struck Fried's petition for tax deed. The court further denied Fried's motion to substitute Sladjan Stevanovich (the son of Dusan and Jovanka) as petitioner.

Rosario then petitioned the tax deed court for attorney fees under section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—611). On July 2, 1985, Judge Staniec granted the fee petition and awarded Rosario approximately $9,800 in attorney fees and costs.[2] The operative language of the order states, "IT IS HEREBY ORDERED that BERNARD ALLEN FRIED pay to NAHUM ROSARIO the sum of $9,325.00 as and for his Attorney's fees, and the sum of $484.30 in costs."

Thereafter, Rosario instituted a garnishment action against Fried's bank, seeking enforcement of the fee award. In addition, he obtained a memorandum of judgment, which he recorded. Fried moved, unsuccessfully, to vacate the July 2 order, as amended, and to dismiss the garnishment action that was premised upon it. One of the grounds that he relied on was that the July 2 fee award was not a proper judgment because it did not conform with unspecified "requi-

---

[1]The purpose of this requirement is to prevent owners of tax-delinquent properties from using a "straw man" to purchase the property for a nominal amount and then resell the property to the owners for less than the amount of the taxes owed.

[2]The award was reduced by approximately $800 on October 1, 1985, and the order entered on that date provides for the amendment, *nunc pro tunc,* of the July 2, 1985, order, so as to conform with the reduced amount.

sites." Fried argued that the order was a mandatory injunction to pay money but not a judgment that could be enforced or appealed. Notwithstanding this position, Fried did appeal from the July 2 order, as amended, and posted an appeal bond in the amount of $20,000.

On the appeal from the award of attorney fees in the tax deed case, Fried limited his argument to the propriety of the fee award, contending that fees awarded pursuant to section 2–611 cannot be awarded when an action is dismissed, as distinguished from being determined on the merits after a full trial. He was unsuccessful. (*In re Application of Cook County Collector* (1986), 144 Ill. App. 3d 604, 494 N.E.2d 536.) Notably, Fried did not assert that the order appealed from was not a final order and did not raise any issue as to the formal requisites of the judgment.

While the award of attorney fees was on appeal the supplemental proceedings in the tax deed case continued. Judge Staniec denied Fried's motion to transfer the supplemental proceedings to the law division. The garnishment action was eventually dismissed, without prejudice, presumably because the appeal bond was used to satisfy the judgment after its affirmance.

On December 5, 1985, Fried filed the pending four-count complaint against Rosario and Platt. The factual basis of the lawsuit concerned defendants' attempts to enforce the July 2, 1985, fee award, which conduct was alleged to be tortious. Two of the counts were directed at Rosario for wrongful garnishment and slander of title and the other two counts alleged the same causes of action against Platt as the alleged "principal" whose conduct in the supplemental proceedings of the tax deed case caused Fried injury.

Platt, acting as attorney for himself and Rosario, moved to transfer Fried's action to the judge who had originally heard the tax deed and supplemental matters, Judge Staniec. Fried objected to the transfer on the grounds that Judge Staniec had prior knowledge of the underlying facts and that it would be improper and prejudicial for him to hear the case. Judge Nicholson, sitting in the law division, granted the motion on July 10, 1986, and the matter was reassigned to Judge Staniec, sitting in the county division. Fried then filed his own petition for change of venue from Judge Staniec. After this was granted, the cause was reassigned to Judge Brodkin of the county division. Fried then moved for a transfer of the case back to the law division on the grounds that Judge Brodkin was not an expert in law division matters. This motion was denied on September 26, 1986.

Platt moved to dismiss Fried's action as being barred by *res judicata.* He also moved to have himself dismissed as a party defendant.

On December 18, 1986, both motions were granted following a hearing. Platt then filed a motion for attorney fees pursuant to section 2—611. After a thorough hearing on the fee petition, the court entered judgment against Fried on March 10, 1987, in the amount of $5,575.

OPINION

I

■ Fried initially contends that the orders granting Platt's motion for transfer and denying his own were in error. According to him, Judge Nicholson abused her discretion in granting Platt's motion for transfer, which asserted that Judge Staniec "would know the allegations set forth [in the complaint] [are] false." Without citation to authority, Fried contends that it is "outrageous" to try a cause before a judge who has prior knowledge of the facts.

Since Judge Staniec did not hear the instant cause, this contention is now moot.

Moreover, we cannot agree that it would have been improper for Judge Staniec to hear the case, since the operative facts were previously before him in the supplemental proceedings to the tax deed matter and he had previously ruled on one of the identical issues presented in the instant suit: whether the garnishment was wrongful because the July 2, 1985, order was not a formally proper judgment. Fried's lawsuit, indeed, appears to be nothing more than a collateral attack on Judge Staniec's rulings. No litigant is entitled to have a second shot at the same issue before a new judge of equal jurisdiction. He or she may only take a direct appeal from an adverse judgment. (*Bass v. Scott* (1979), 79 Ill. App. 3d 224, 398 N.E.2d 236.) Fried did appeal from the initial fee order and certainly could have raised an issue as to the formal requisites of the judgment then. Failing to do so, he waived the issue.

II

■ We also reject Fried's argument that Judge Brodkin abused his discretion in denying Fried's motion to transfer the action back to Judge Nicholson or another judge in the law division. It is by no means clear what would have been accomplished by the further reshuffling of this case, other than forum shopping. Fried suggests that he was prejudiced by having a county division judge hear a "law" case, as if a "tax deed judge" automatically suffers from a crippling lack of knowledge of torts and contracts. Such speculation needs no further consideration.

## III

■ Fried next argues that Judge Brodkin erred in dismissing Platt as a defendant. The record discloses that Platt's motion was supported by his affidavit in which he swore under oath that at all times during his representation of Rosario in the tax deed case he acted only as attorney and agent. Fried offered no countervailing evidence or counteraffidavit to create a triable issue of fact. It was his burden to offer something other than the bare allegation of his complaint to contradict Platt's sworn statement, which he was unable to do. In fact, the two counts of the complaint directed at Rosario admit that Platt was his attorney. The alternative counts charging Platt with liability as the principal or real party in interest do not contain a single fact in support of an inference that Platt acted as principal. Accordingly, the motion to dismiss Platt was properly granted.

## IV

■ Fried's contention that his complaint was improperly dismissed appears to be based on the notion that the disposition of the garnishment proceedings did not constitute a final and appealable judgment as to the formal requisites of the July 2, 1985, fee award and therefore Fried's action was not barred by *res judicata.* In other words, he never received a final adjudication as to whether the attorney fee order was a proper judgment upon which to base the garnishment action and the memorandum of judgment. Hence, we should remand the cause so that Fried can proceed to the "merits" of that contention.

We reject Fried's attempt to nullify the effect of Judge Staniec's prior rulings. The judge upheld the validity of the fee judgment for purposes of the garnishment proceedings. Fried was found liable for the attorney fees in the tax deed matter and in fact posted an appeal bond as security for that judgment, which he now collaterally attacks. Whether labelled as a waiver or a principal of merger and bar, such as *res judicata,* collateral estoppel, or prior pending action, the key concept applicable to this case is the avoidance of relitigating issues that either were or should have been brought before the original tribunal. See generally *Spiller v. Continental Tube Co.* (1983), 95 Ill. 2d 423, 447 N.E.2d 834; *Bronstein v. Kalcheim* (1984), 126 Ill. App. 3d 643, 467 N.E.2d 979 (parties are required to litigate, in one case, all of the rights arising out of the same set of operative facts, to prevent the continuous litigation of essentially the same case).

In the instant case, Fried's challenge to the formal requisites of the July 2, 1985, judgment, as amended, was heard and rejected by

Judge Staniec during Rosario's prosecution of the garnishment against Fried's bank. The fact that he did not appeal from the particular ruling (the order denying his motion to dismiss the garnishment action) is immaterial. If the fee award itself were not a valid judgment, Fried should have either sought clarification and amendment of the judgment before Judge Staniec or raised that point when he appealed from the judgment. Had he done so, the appellate court could have ruled that it was a formally proper judgment (as everyone assumed) or that it was not, in which case the appeal could have been dismissed so that the parties could have taken the necessary procedural steps to finalize the judgment.[3] Consequently, Fried has waived this issue and unnecessarily prolonged wasteful litigation.

## V

■ As his last issue, Fried contends that the court improperly assessed him attorney fees because there is insufficient evidence to support the finding that the allegations of his complaint were false and made without reasonable cause. He further asserts that Platt failed to sustain his burden of proving that his fees were reasonable.

Having examined the record in the pending case, as well as the record in the tax deed case (which is part of the record on appeal), we find that the trial court did not abuse its discretion in assessing fees against Fried. In addition, we find that the evidence adduced at the hearing on Platt's fee petition amply supports the award of fees in this case.

We affirm the rulings of the trial court.

Affirmed.

JOHNSON and McMORROW, JJ., concur.

---

[3]The only attack on a previous judgment order that would survive waiver is if the judgment order were found to be void. (*In re Application of Dickey* (1978), 72 Ill. 2d 317, 381 N.E.2d 260.) No one has raised that suggestion. For the sake of finality, however, we specifically hold that the July 2, 1985, fee award order, as amended, is not void in any respect.