(No. 21511.—■■■■■)

THE PEOPLE *ex rel.* David Williams *et al.* Appellees, *vs.* THE BOARD OF EDUCATION OF PAWNEE TOWNSHIP HIGH SCHOOL, Appellant.

*Opinion filed December 23, 1932.*

JOHN E. HOGAN, and STEVENS & HERNDON, for appellant.

598

Harry B. Grundy, State's Attorney, Leslie J. Taylor, and Edward E. Adams, for appellees.

Mr. Justice DeYoung delivered the opinion of the court:

The State's attorney of Christian county, on the relation of the Board of Education of Community High School No. 310, and of several citizens and tax-payers of that school district, made a motion, supported by affidavit, in the circuit court of the same county, for leave to file an information in the nature of a *quo warranto* to require the Board of Education of Pawnee Township High School of Sangamon and Christian counties to show by what warrant it claimed to exercise jurisdiction over certain lands in the district first named. The permission requested was granted and the information was filed. After the denial of a motion to vacate the order granting such permission, the respondent filed two pleas to the information. A motion by the relators to strike the pleas for the want of a plea of disclaimer or of justification and a further motion by them for judgment by default were denied. A general and special demurrer to the pleas was interposed and the demurrer was sustained. The respondent elected to abide by its pleas and judgment of ouster with costs was rendered against it. From that judgment the respondent prosecutes this appeal.

The charge made by the information is that the Board of Education of Pawnee Township High School unlawfully usurps jurisdiction, for high school purposes, over certain lands described in the information. It is averred in the respondent's first plea that on January 7, 1929, the State's attorney of Sangamon county, on the relation of four tax-payers, filed in the circuit court of that county a motion for leave to file an information in the nature of a *quo warranto* against the Board of Education of Pawnee Township High School to show by what warrant it exercised

jurisdiction over certain territory; that the motion was sup-ported by an affidavit in which the relators set forth that they were residents and tax-payers of Non-High School District No. 400, in Christian county; that the Board of Education of Pawnee Township High School claimed the annexation to that district of the territory in question by virtue of the result of an election held on April 30, 1927, at which the proposition whether such territory should be so annexed received a majority of all the votes cast; that the annexation proceedings were conducted by authority of an act entitled "An act to provide for the annexation for township high school purposes, of any school township, or part of such township, not having an established town-ship high school, to any adjacent school township having an established township high school," approved April 22, and in force July 1, 1907, (Laws of 1907, p. 534), but that this act was repealed by an act effective July 1, 1909, and that the Board of Education of Pawnee Township High School levied taxes for high school purposes upon the lands so annexed, notwithstanding the fact that all such lands were situated wholly within the jurisdiction of Non-High School District No. 400, in Christian county, and were sub-ject only to levies of taxes for high school purposes by the authorities of that non-high school district. Further aver-ments of the first plea are that pursuant to leave granted the information was filed; that thereafter, on February 6, 1929, upon the respondent's motion, the order granting per-mission to file the information was vacated, the writ was quashed and the proceeding was dismissed; that the ter-ritory involved in the foregoing proceeding is the same as that described in the present information; that the judg-ment so rendered is final; that it remains in effect, and that it constitutes a bar to the prosecution of the present suit.

The substance of the second plea is that at an election held on April 15, 1923, the Board of Education of Pawnee Township High School was authorized to issue the bonds

of the district aggregating in principal $50,000; that the bonds so authorized, fifty in number and each for $1000, were sold in the years 1924 and 1925; that thirty of the bonds have been paid and the remaining twenty, representing an indebtedness of $20,000, are still outstanding, and that the territory described in the present information was annexed to the respondent's district upon a petition by two-thirds of the legal voters residing within the annexed area.

The questions raised by the demurrer to the pleas are, whether the judgment of dismissal rendered by the circuit court of Sangamon county is a final judgment and a bar to the present proceeding, and whether the facts averred in the second plea are sufficient to enable the respondent to avail itself of the benefit of the curative act, approved June 10, 1929, legalizing changes in the boundaries of township and community high school districts.

The office of an information in the nature of a *quo warranto* is not to tender an issue of fact but only to call upon the respondents to show by what warrant they exercise the right, power or franchise claimed. The People need not allege any facts showing that the respondents' exercise of such right, power or franchise is without lawful authority, but it is enough when it is charged in the information that the respondents are exercising such right, power or franchise without authority of law. The respondents, in such a case, are required either to disclaim or to justify, and if they justify, they must plead fully and completely the facts which show their lawful authority to exercise the right, power or franchise claimed. (*People* v. *Hartquist,* 311 Ill. 127; *People* v. *Barber,* 265 id. 316; *People* v. *Central Union Telephone Co.* 232 id. 260). The first plea in the present case discloses that the sole respondent in the proceeding instituted in Sangamon county neither disclaimed nor justified the right or power to levy taxes upon the annexed territory. No plea was interposed to that information and no issue of fact or of law was raised in or

determined by the circuit court of Sangamon county. The respondent in that case merely made a motion to vacate the order granting permission to file the information, to quash the writ and to dismiss the proceeding, and the motion was granted. Obviously, disposition of the *quo warranto* proceeding instituted in Sangamon county was made without affording the court an opportunity to consider the merits of the cause.

Unless a proceeding affords adequate opportunity for an investigation and determination of the merits, the judgment rendered will not operate as a bar to a subsequent suit upon the same cause of action. A judgment cannot be pleaded in bar of a subsequent action unless it is a final judgment on the merits, adjudicating the rights in litigation in a conclusive and definite manner. (*Marie Methodist Episcopal Church* v. *Trinity Methodist Episcopal Church,* 253 Ill. 21; *Lundy* v. *Mason,* 174 id. 505; *Wadsworth* v. *Connell,* 104 id. 369; *Vanlandingham* v. *Ryan,* 17 id. 25). The vacation of the order granting leave to file the information in the former case was not an adjudication upon the merits. Hence the facts averred in the appellant's first plea in the present case were not sufficient to constitute a bar to a new action, and the demurrer to that plea was properly sustained.

An act to legalize changes in boundaries of township and community high school districts was approved June 10, and became effective July 1, 1929 (Laws of 1929, p. 743). The first section of the act provides that changes of boundaries of township and community high school districts, made prior to the passage of the act, whereby territory was detached from one and added to another high school district are made legal and valid in all cases where the change was petitioned for either by two-thirds of the legal voters residing in the annexed territory or by a majority of the voters of each of the high school districts affected by the change. The section concludes with the proviso "that this

shall apply only in cases in which the district to which the territory is added has voted to issue bonds." By the second section, the boundaries of such high school districts, as changed, are adopted, confirmed, established and made the true boundaries of the districts, notwithstanding the act by authority of which the changes were made, may have been held to be invalid. The third is the concluding section of the act and it reads: "Whereas an emergency exists in that certain high school districts to which territory was added by said changes have issued bonds subsequent to such changes, this act shall be in full force and effect from and after its passage and approval."

The inference to be drawn from the proviso to the first section of the curative act might be that it was the legislative intention to make the act apply to township and community high school districts which had issued bonds prior to annexations to their territory. The third section, however, expressly recites the existence of an emergency in that certain high school districts, after making such annexations, had issued bonds, and the act, for that reason, was made effective from its passage and approval. The legislative purpose, apparent when the several provisions of the act are considered together, was to subject the whole of a township or community high school district, including the territory annexed without lawful authority, to tax levies for the payment of bonds subsequently issued. The express averment of the second plea is that the appellant issued bonds in the year 1923, about four years prior to the purported annexation. The appellant cannot, therefore, avail itself of the curative act of June 10, 1929, and the trial court properly sustained the demurrer to the second plea.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*