**Roy B. Zimmerman, Appellee, v. Bankers Life and Casualty Company, Appellant.**

**Gen. No. 43,124.**

Opinion filed December 13, 1944. Released for publication January 4, 1945.

MICHAEL A. GERRARD, of Chicago, for appellant.

BENNETT & COLBACH, of Chicago, for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

On June 4, 1943 Roy P. Zimmerman filed his statement of claim in the municipal court of Chicago against Bankers Life and Casualty Company, a corporation, and asked judgment for $433.81, plus interest, based on a contract under which he was to receive certain commissions as general agent of defendant. Defendant filed an answer purporting to state a defense to the entire claim. Plaintiff's attorneys served notice on defendant's attorney that on August 11, 1943 they would move for a judgment for $202.84 "admitted in the defendant's affidavit of merits." The motion was made and came on for hearing on August 20, 1943. The record shows that "the court being fully advised in the premises," the motion for judgment was sustained, and that by agreement between the parties judgment for $202.84 was entered against defendant, "admitted in affidavit of defense." On September 11, 1943 a satisfaction of judgment was filed. This document, dated August 20, 1943 and signed by plaintiff by his attorneys, acknowledged full satisfaction of the judgment entered on August 20, 1943 and empowered the clerk to satisfy the judgment of record. On March 2, 1944 defendant filed the following plea of *res judicata:*

"Now comes the Bankers Life and Casualty Company, a corporation, by Michael A. Gerrard, its attorney, and in addition to the other defenses as set forth

in the affidavit of defense heretofore filed by the Bankers Life and Casualty Company, a corporation, the defendant herein, alleges as follows: 1. That after the filing of the affidavit of defense in the above captioned matter, the plaintiff, Roy B. Zimmerman, by and through his attorney, moved the court for judgment on the pleadings in said cause and in accordance with the agreement of the parties hereto, through their respective counsel, a judgment in the sum of Two Hundred Two Dollars and Eighty-four Cents ($202.84) was entered in said cause and appears of record as follows: '8-20-43 Gutnecht-Mo. pltf. judg. sust. By agr. judg. for $202.84 vs. deft. Bankers Life & Casualty Company, a corporation, admitted on affidavit of defense.' That thereafter in accordance with the agreement heretofore entered into as above set forth, the defendant on August 20th, 1943 satisfied said judgment and obtained a satisfaction of judgment which said satisfaction of judgment was filed in court on the same date; that it, therefore, appears of record that all issues existing between the parties, the subject matter of this suit, have been fully adjudicated.''

On the same day the following order was entered:

''Jury waived. Now come the parties to this cause, and thereupon this cause comes on in regular course for trial before the court without a jury and the court having heard the evidence and the arguments of counsel, and being fully advised in the premises, enters the following finding, to-wit: 'The court finds the issues against the defendant, Bankers Life and Casualty Co., a Corp., and assesses the plaintiff's damages at the sum of Two Hundred Thirty and 00/100 Dollars ($230.00).' Judgment on finding against defendant, Bankers Life & Casualty Co., a Corp., Two Hundred Thirty and 00/100 Dollars ($230.00) and costs as to balance. Defendant objects to entry of judgment.''

Defendant appeals.

Defendant asserts that there can be only one judgment and one satisfaction in the same cause of action; that a settlement agreement respecting litigation concludes the question in controversy and bars subsequent litigation with respect to the matters compromised; that where there is a dispute and the creditor accepts payment which clearly evidences the intention of the debtor to extinguish the entire debt, an accord and satisfaction results; and that compromises are encouraged because they promote peace. Defendant calls attention to the fact that the record of August 20, 1943 shows that by agreement a judgment for $202.84 was entered against defendant and that the order does not reserve any right of trial as to the balance sought by the statement of claim; that the judgment was satisfied; and that the file was marked "disposed of." The record before us, however, does not show that the file was marked "disposed of." Such a notation would be made by the clerk as a ministerial act in distributing the files in his office space and would not necessarily indicate that the court had so ordered. Rule 75 of the municipal court of Chicago provides that "more than one judgment may be rendered in the same cause." Section 50 of the Civil Practice Act [Ill. Rev. Stat. 1943, ch. 110, par. 174; Jones Ill. Stats. Ann. 104.050] provides that "the court shall control proceedings so that the plaintiff shall receive but one satisfaction. A writ of execution may issue on one or more judgments rendered in the same cause. Judgment may be entered in such form as may be required by the nature of the case and by the recovery or relief awarded, and more than one judgment may be rendered in the same cause." It is clear that under the practice in the municipal court and in the other courts of record in Illinois there may be more than one judgment in the same

cause. The court may dispose of a segment of the litigation and render judgment thereon, reserving the remaining issues for trial at a later time. At the later trial a distinct judgment may be rendered. In the instant case plaintiff in his statement of claim was asking judgment for $433.81. Defendant in its affidavit of defense said that it did not owe plaintiff anything. Plaintiff by his motion considered that the legal effect of defendant's affidavit of defense was to admit that it owed $202.84. Evidently, plaintiff felt that the defendant's affidavit of defense presented a triable issue as to the balance. The order of August 20, 1943 sustained plaintiff's motion for a judgment. This order went on to recite that by agreement judgment was entered for $202.84 ''admitted in affidavit of defense.'' We take this to mean that the court found that defendant admitted that the legal effect of its affidavit of defense was that it owed $202.84. The satisfaction of judgment satisfied the judgment for $202.84. In our opinion, the record does not show a compromise. It shows that plaintiff was claiming $433.81 and also contending that the legal effect of defendant's affidavit of defense was that defendant admitted that it owed $202.84. Judgment was accordingly entered for the latter amount and the case remained undisposed of as to the balance.

We agree with defendant that the proper practice on the entry of a judgment for an amount admitted by the pleadings, where on the face of the pleadings other issues remain to be disposed of, or a balance remains due, is to continue the case for trial as to the remaining issues, or as to the balance claimed to be due. The procedure in the instant case was rather informal, but we are satisfied that the intention of the court and the parties was to reserve for trial the issue as to the balance claimed. There was one judgment and one satisfaction as to the amount which was admitted. In effect, therefore, the court reserved jurisdiction to determine

whether the defendant owed the balance claimed. On the trial as to the balance claimed, the only defense offered was the plea of *res judicata*. We are of the opinion that the court was right in deciding that under the circumstances this plea was invalid. Because of the views expressed, the judgment of the municipal court of Chicago is affirmed.

*Judgment affirmed.*

KILEY and LUPE, JJ., concur.