2 Ill. App.3d 407 (1971)
275 N.E.2d 434
THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant,
v.
ARTHUR LOEVY, Defendant-Appellee.
No. 71-37.
Illinois Appellate Court  Second District.
November 4, 1971.
*408 Jack Hoogasian, State's Attorney, of Waukegan, (Kenneth M. Clark, Assistant State's Attorney, of counsel,) for the People.
Warren D. Wolfson, and Jack G. Stein, of Chicago, for appellee.
Reversed and remanded.
Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:
On September 28, 1970, the defendant, Arthur R. Loevy, was charged with the offense of disorderly conduct under the provisions of Section 33 of Chapter 71 of the Waukegan City Ordinance in that he broke a pane of glass in a door of the city hall. On September 30, Loevy was charged with the offense of criminal damage to property not exceeding $150.00 in violation of Section 21-1(a) of Chapter 38 of the Illinois Revised Statutes based on the same act.
Loevy appeared in court with his attorney on September 30 on the State charge and entered a plea of not guilty and demanded a trial by jury. A colloquy then took place between the court, defense counsel and the assistant state's attorney in regard to the pending ordinance violation. The trial judge first indicated that the charges would be merged but then corrected himself and said he would dismiss the first case and set the second cause for trial on October 23. The defense counsel next asked if the ordinance violation could be dismissed with prejudice and the exchange continued as follows:
"THE COURT: Since the gist of both charges is the same, the action is the same. Really, there is no need to not grant that motion. I think *409 that it should be granted with prejudice because it is proceeding on a criminal charge. No point, we are trying to get away from the separation.
MR. WITT (the assistant state's attorney): The only thing I am a little bit hesitant, it may prosecute (sic) on any related offense arising out of that disorderly conduct.
THE COURT: Let's limit and make the order to that effect that this is dismissed with prejudice as to the ordinance violation as stipulated on.
MR. COPLAND (defense counsel): Alleged event that occurred.
THE COURT: Limited to that.
MR. COPLAND: Fine."
The court then entered the following order:
"On Motion of Edward J. Copland, Attorney for Defendant
It Is Hereby Ordered that the charges against the defendant under Chapter 71 Section 33 of the City Ordinance of the City of Waukegan, Illinois, be and are hereby dismissed, with prejudice. Said dismissal being to the Ordinance violation and to no other civil action."
On October 23 the cause was continued, by agreement, to November 30 for trial. On that date, the defendant, with new counsel, moved to dismiss the second complaint on the grounds that the dismissal with prejudice of the first case was a final adjudication of the merits therein and that his subsequent prosecution for the same act violated his constitutional protections against double jeopardy and violated section 3-4 (a) (2), 3-4(b) (2) and 3-4(b) (3) of the Criminal Code. The trial court granted the motion and the State has appealed pursuant to Section 604 of the Supreme Court Rules. Ill. Rev. Stat. 1969 ch. 110A sec. 604.
The defendant readily admits that the dismissal of the ordinance violation on September 30 was a mistake and that none of the parties present intended or believed that the dismissal would affect the prosecution under the state charge. However, the defendant contends, it is not the intent of the court that is determinative of the matter but rather the "operation of the law" and that, in this case, the law operated to bar his prosecution for any charge based on the incident of the broken window.
 1, 2 The cases hold that a suit to recover a penalty for a violation of a city ordinance is civil in form and hence governed by the procedural rules applicable to any other civil proceedings. (City of Chicago v. Kiger, 264 N.E.2d 488, 491; Village of Midlothian v. Walling, 118 Ill. App.2d 358, 255 N.E.2d 23, 26; Village of Park Forest v. Nicklas, 243, N.E.2d 421, 423.) That being so, the prosecution for the ordinance violation was *410 subject to Supreme Court Rule 273 (Ill. Rev. Stat. 1969 ch. 110A, par. 273) which provides as follows:
"Effect of Involuntary Dismissal.
Unless the order of dismissal or a statute of this state otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits."
The defendant contends that the order of dismissal was therefore an "adjudication upon the merits" on the first charge and that his subsequent prosecution for the same act violated his constitutional protection against double jeopardy.
It had been previously held that dual prosecutions for the same act under a municipal ordinance and a state statute did not constitute double jeopardy. (People v. Behymer, 48 Ill. App.2d 218.) However, the United States Supreme Court in 1970 held that successive prosecutions for the same offense by a state and a municipality are prohibited by the fifth amendment to the federal constitution. (Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435.) Our Supreme Court recently recognized the same principle in the case of People v. Allison 46 Ill.2d 147, 263 N.E.2d 80.
As an alternative, the defendant maintains that his second prosecution was also barred under Section 3-4(b) (2) of the Criminal Code (Ill. Rev. Stat. 1969, ch. 38, par. 3-4) since the first prosecution was terminated by a "final order". That section provides, in part, that "* * * a prosecution is barred if the defendant was formerly prosecuted for a different offense * * * if such former offense was terminated by a final order or judgment, even if entered before trial, which required a determination inconsistent with any fact necessary to a conviction in the subsequent prosecution;".
 3 The logic of this argument would be persuasive if the order of September 30 was truly a final adjudication as urged by the defendant. However, as we have seen, Section 273 applies to "involuntary dismissals" and we do not believe that the order can be correctly characterized as "involuntary". The defendant appeared in court on that date on a preliminary matter relative to the state charge and was only incidentally advised by the assistant state's attorney that it would not be necessary to appear on the return date of the first complaint since it had been "amended". It was at this point that the trial judge first suggested that the charges would be merged and the colloquy that we have already included took place. It appears reasonably obvious to us that the order of dismissal was with the agreement of both parties.
 4 In any event, Section 273 provides that an order of dismissal *411 operates as an adjudication upon the merits unless it "* * * otherwise specifies * * *" The order recited that it was effective as "* * * to the Ordinance violation and to no other civil action * * *." Although poorly worded, it is clear that the order was not an adjudication upon the merits of the cause.
We have also considered the cases cited by the defendant to the effect that a dismissal of a cause on non-technical grounds acts as a final determination of the facts at issue. (Martin v. Masini, 90 Ill. App.2d 348; Pratt v. Baker, 79 Ill. App.2d 479.) However, as we said in the Masini case, the law "is more than a game of semantics" and the finality of the order must be based on the "substance" of the dismissal. Here, the substance of the dismissal was that the prosecution would proceed under the state charge.
We therefore conclude that the order of dismissal of that charge was in error and that it should be reversed and the cause remanded for further action.
Reversed and remanded.
SEIDENFELD and GUILD, JJ., concur.