■ CITY OF NEW YORK et al., Appellants, v CARISTO CONSTRUCTION CORP., Respondent. — Order, Supreme Court, New York County (Henry R. Williams, J.), entered February 2, 1982 granting summary judgment in favor of defendant against plaintiffs, is reversed, on the law, without costs, and summary judgment is granted to plaintiffs, and judgment is directed in favor of plaintiffs against defendant in the amount demanded in the complaint. The New York

City Board of Education contracted with defendant Caristo Construction Corp. for the construction of a public school on Rivington Street, in the Borough of Manhattan, City of New York. In connection with the construction work, Caristo was required to and did erect a fence around the construction site. Pedestrians named Wong were injured when the fence fell on them. The Wongs sued the city, the board of education (the city and the board of education hereinafter sometimes collectively referred to as the city), Caristo and Temporary Construction, Inc., a subsidiary of Caristo, in the United States District Court for the Southern District of New York. The Wongs settled with Caristo and Temporary and recovered a judgment against the city. In that litigation, the city cross-claimed for indemnification against Caristo on the theory of vicarious liability, i.e., that the city and board were held liable entirely due to Caristo's negligence. That claim for indemnification was dismissed, with prejudice, on the ground that the jury's verdict against the city defendants was based on those defendants' direct liability for their own negligence. Belatedly the city also asked for indemnification under the contract even as to the city's direct liability for its own negligence. The Federal court dismissed this claim because it was filed so late in the proceedings. The claim "for indemnification for the vicarious liability" was "dismissed with prejudice." But the judgment "adjudged that the post-trial asserted claim of the Board of Education and the City of New York against Caristo Construction Corporation for indemnification for the direct liability of said City of New York and Board of Education in negligence to the plaintiffs herein are dismissed without prejudice." The city and the board of education now bring this action against Caristo for indemnification based on the city's direct liability, i.e., its own negligence. The judgment of the Federal court with respect to this claim, being expressly recited to be "without prejudice," is not *res judicata* as to this claim. (See Restatement, Judgments 2d, § 26 [1] [b]), and Comment *b* thereunder.) If all the Federal court meant was that it was not passing on the merits of the claim, it could have said, "not on the merits" or said nothing about merits or prejudice. But the phrase "without prejudice" literally and precisely means that the judgment in the first action shall not prejudice, i.e., bar, the later action. We may assume that but for this phrase the Federal judgment would be *res judicata* under the transactional analysis approach to *res judicata*. (*Smith v Russell Sage Coll.*, 54 NY2d 185.) But here the court did say that its judgment would be "without prejudice." As the Court of Appeals said in a somewhat similar situation where the first judgment used the phrase "without prejudice": "We would note that our decision today is not to be taken as any indication whether the trial court in the first action could or should have disposed of remaining causes of action at that time, for that question is not before us. Defendant was free to move to resettle or to appeal the dismissal insofar as it was without prejudice. Having failed to do so at the proper time, he may not now do so, and is bound by that prior judgment. His present predicament is, in a sense, of his own doing, for if the prior judgment of dismissal should in fact have been on the merits, defendant should have clarified that matter at the time." (*Miller Mfg. Co. v Zeiler*, 45 NY2d 956, 958-959.) We should not give more *res judicata* effect to the judgment of the United States District Court than that court itself indicates and presumably would give in any subsequent case between the parties in that court. As the United States District Court observed, the decision of the Appellate Division, Second Department, in a related case between the same parties (57 AD2d 939), does not constitute collateral estoppel on the issue of indemnification. The issue of indemnification was not directly involved or adjudicated in that case. We think the fair meaning of the construction contract is that Caristo shall indemnify the city for liability such

as that arising out of the Wongs' accident, even if that liability arose in whole or in part from the negligence of the city. Article 42 of the contract provided in part: "If the persons or property of others sustain loss, damage or injury resulting *directly or indirectly from the Work of The Contractor,* or his subcontractors, in their performance of this Contract, or from his or their failure to comply with any of the provisions of this Contract or of law, The Contractor shall indemnify and hold The Board and The City harmless from any and all claims and judgments for damages and from costs and expenses to which The Board or The City may be subjected or which it may suffer or incur by reason thereof." (Italics ours.) The words "Work of The Contractor" are words of art specifically defined in the contract as follows: "(k) 'WORK' or 'WORKS' means all labor, materials, matters and things herein agreed to be furnished or done by or on the part of The Contractor." It is clear that the fence that fell was part of the "Work of The Contractor". Nothing in article 42 excludes indemnification for liability caused in whole or in part by the city's negligence. The fair meaning of article 42 is that liability for personal injuries shall be assumed by the contractor (and the contractor shall get the insurance to cover it). No facts are adduced to warrant denial of plaintiffs' motion for summary judgment. The other affirmative defenses pleaded by defendant are both legally and factually insufficient. "It is incumbent upon a defendant who opposes a motion for summary judgment to assemble, lay bare and reveal his proofs, in order to show that the matters set up in his answer are real and are capable of being established upon a trial." (*Di Sabato v Soffes,* 9 AD2d 297, 301.) Here defendant makes only the bare assertion that "there are factual issues relating to the other affirmative defenses." This is insufficient to defeat plaintiffs' motion for summary judgment. If we were not granting summary judgment in favor of plaintiffs, we would in any event reverse the grant of summary judgment to the defendant. For if article 42 does not require indemnification where the personal injury is caused entirely by the city's negligence, it at least requires indemnification if the injuries are caused in part by defendant's negligence (cf. art 42 "directly or indirectly"). Here in a portion of the trial in the Federal court to which Caristo was not a party, the jury determined that the accident was attributable 75% to the city's negligence, 20% to Caristo's negligence, and 4% to Temporary's negligence. (Cf. General Obligations Law, § 15-108, subd [a].) As Caristo was not a party to that part of the proceedings in the Federal court, it is not bound by that verdict; but that verdict at least furnishes some factual basis for an issue of fact as to whether the accident was due in part to defendant's negligence, and thus a trial would be necessary to determine that issue of fact. As we have, however, determined that defendant is liable for indemnification even if the accident was caused wholly by the city's negligence, such a trial is unnecessary. Concur — Ross, Carro, Asch and Silverman, JJ.

Kupferman, J. P., dissents in a memorandum as follows: I dissent and would affirm for reasons stated in the opinion of Henry R. Williams, J.; at Special Term on the motion for reargument.