**Rose TORRES, d.b.a. Legal Secretarial Services, Plaintiff-Appellant,**

v.

**Steve REBARCHAK, et al., Defendants-Appellees.**

No. 86–1591.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 30, 1986.

Decided March 23, 1987.

Ronald A. Stearney, Chicago, Ill., for plaintiff-appellant.

Don E. Glickman, Rudnik & Wolfe, Chicago, Ill., for defendants-appellees.

Before CUDAHY and COFFEY, Circuit Judges, and PELL, Senior Circuit Judge.

CUDAHY, Circuit Judge.

This appeal raises issues involving the preclusive effect of a state court consent judgment on a subsequent civil rights suit brought in federal court. The district court dismissed the suit on the basis of *res judicata* and the Illinois rule prohibiting the splitting of a cause of action. We affirm in part and reverse in part.

## I. FACTS

Rose Torres is a black woman who owns and operates a 24–hour telephone answering and secretarial service called Legal Secretarial Services. In 1970 she began leasing space for her business in a building at 100 North LaSalle Street in Chicago, Illinois. The defendant, Strobeck, Reiss, & Co. ("Strobeck"), manages this building for the lessor, 100 LaSalle Partnership Limited (the "LaSalle Partnership"). In 1978 Torres signed a five-year lease with Strobeck. But when defendant, Steve Rebarchak, began managing the building for Strobeck in 1978, he informed Torres that Strobeck would not honor the lease agreement. The parties disagree over whether this conflict arose because of Torres' race or because she breached the terms of her lease.

In 1979 Torres sued Strobeck and Rebarchak in the Chancery Division of the Circuit Court of Cook County in a case entitled *Torres v. Strobeck, Reiss & Co.,* No. 79 CH 8446. Her amended complaint alleged that the defendants wrongfully breached their lease agreement with the plaintiff and engaged in a "continuing campaign of abuse and harassment" designed to unlawfully evict her from the building and interfere with her business. Among other things, Torres claimed that the defendants had turned off the electricity and heat in her suite, disrupted her switchboard service, attempted to change the locks on the doors to her suite, threatened and harassed both her and her employees and demanded rent before it was due. In addition, she asserted that the defendants had misused legal process by filing forcible entry and detainer actions against her. She contended that Rebarchak wanted to replace her with a "nice white girl." Count I sought an injunction against Rebarchak for interfering with Torres' lease agreement. Count II requested a declaratory judgment interpreting a clause in the lease dealing with escalation for increased operating expenses. Count III sought injunctive, compensatory and punitive relief against Rebarchak and Strobeck for breach of the lease agreement and interference with prospective business relations. Finally, Count IV requested an injunction and compensatory damages against Strobeck and Rebarchak for misappropriating Torres' business name for commercial purposes.

After an *in camera* conference, the parties agreed to compromise and settle the case. The final order of July 10, 1980 entered by the Chancery Court provided in pertinent part that:

> This cause coming on to be heard for trial, the parties having appeared and indicated to the court after an *in camera* conference, that they have agreed to compromise and settle the issues herein raised, the court being fully advised;
>
> It is hereby ordered, without either party in any way admitting to the truth of any of the allegations herein made, as follows:
>
> \* \* \* \* \* \*
>
> B. All prayers contained in Counts I through IV of the First Amended Complaint, are dismissed. *All prayers for equitable relief are dismissed with prejudice. All prayers for damages are dismissed without prejudice.* (emphasis added).
>
> C. The complaint in forcible entry and detainer filed by defendants originally encaptioned case No. 80MI–733709 and all pleadings filed under said caption shall proceed to trial, and said cause is hereby transferred to the Chief Judge for reassignment to the Chief Judge of the Municipal Department—First District, for further proceedings.
>
> \* \* \* \* \* \*

F. Plaintiff shall pay to Defendant as use-and-occupancy the sum of $712. per month for every month commencing August, 1980 on or before the 1st day of each month, and an additional sum equal to utility charges billed each month within 5 days after receipt thereof; and in default whereof, Defendant shall be entitled to pursue *lawful* remedies therefor. (emphasis in original).

Order, July 10, 1980, pp. 1 & 2.

In 1981 Strobeck filed its final forcible entry and detainer action against Torres for failure to pay 1979 escalation charges.[1] On June 10, 1981, the court found that Strobeck was entitled to possession of the suite Torres had been renting at 100 North LaSalle. The order was expressly described as final and indicated that there was no just reason to delay enforcement.

Meanwhile, in December 1980, Torres brought this action in the district court against Strobeck, Rebarchak, LaSalle Partnership, Dan Anderson (vice-president of Strobeck), Lowell Roseman (Strobeck's building manager), Marc Lipinski (attorney for Strobeck and Rebarchak) and the La-Salle Street Real Estate Investment Trust (the "LaSalle Trust"), the owner of record of the property at 100 North LaSalle. In her six-count third amended complaint Torres sought injunctive, compensatory and punitive relief for alleged violations of 42 U.S.C. §§ 1981 (Count I), 1982 (Count II), 1985 (Count IV) and the Fair Housing Act, 42 U.S.C. § 3604 (Count III). Count V stated a pendent claim for malicious prosecution and Count VI sought to have the court foreclose a mechanic's lien for improvements made to the property. Torres' third amended complaint involved essentially the same facts as her 1979 Chancery Court suit and alleged that these facts demonstrated discrimination on the basis of sex and race.

The defendants counterclaimed for damages allegedly arising from Torres' breach of the lease agreement. They also moved to dismiss her suit arguing, among other things, that the suit was barred by *res judicata.* The district judge held that the additional defendants in the federal suit were in privity with the defendants named in the earlier state suit. In addition, he found that Torres' claims were based upon the same facts as her earlier state suit and that any "novel" grounds of recovery could have been presented in the state court suit. The district judge dismissed Torres' claims for equitable relief as barred by *res judicata.* He also dismissed Count III of her complaint because it failed to state a claim under the Fair Housing Act. Count V was dismissed for failure to state a claim because Torres had not won any of the forcible entry and detainer suits. The district court dismissed all claims against LaSalle Trust because it had no connection with any of Torres' allegations.[2] Finally, it dismissed, on the basis of the state court order of June 10, 1981, any claim that the plaintiff had a right to possess the premises. The district judge, however, refused to dismiss Torres' claims for money damages with respect to the remaining counts because the consent judgment had expressly stated that Torres' damage claims were dismissed without prejudice.

The lawsuit was ultimately assigned to Judge Holderman who granted the defendants' renewed motion for summary judgment on the basis of *res judicata,* relying upon the Illinois rule that prohibits a litigant from splitting a cause of action for legal and equitable relief. He also declined to exercise pendent jurisdiction over the state law mechanic's lien claim.

Torres filed a motion to amend the judgment seeking to limit the *res judicata* effect to the period before the July 10, 1980 consent judgment. Torres argued that the defendants had continued to violate her

---

**1.** There were at least three other forcible entry and detainer actions filed against Torres for failure to pay rent or escalation charges. All were voluntarily dismissed either because Torres did not receive proper notice or had paid the disputed amount.

**2.** Torres does not contend on appeal that the district court was incorrect in dismissing her Fair Housing Act or malicious prosecution claims. She also does not argue that the dismissal of LaSalle Trust was improper.

civil rights after the state court judgment, particularly in February 1981, when they constructively evicted her. She argued that the state court judgment could not bar a suit involving these subsequent actions. The district court denied the motion citing the *res judicata* and collateral estoppel doctrines.[3] Torres appeals.

## II. RES JUDICATA

The defendants assert that Torres is barred from requesting equitable relief in federal court since the equitable claims were adjudicated on the merits in both the Chancery and forcible entry and detainer actions. They also contend that she is barred from seeking damages in federal court by the Illinois rule against splitting a cause of action. Torres argues that neither the equitable claims nor the damage claims should be barred.

 Under 28 U.S.C. § 1738, a federal court must give the judgments of state courts "the same full faith and credit ... as they have by law or usage in the courts of such State...." See *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380, 105 S.Ct. 1327, 1331, 84 L.Ed.2d 274 (1985); *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 481–82, 102 S.Ct. 1883, 1897–98, 72 L.Ed.2d 262 (1982); *Allen v. McCurry*, 449 U.S. 90, 96, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980). A state judgment must be given the same *res judicata* effect in federal court that it would be given in the court of the rendering state. *Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 106 S.Ct. 768, 772, 88 L.Ed.2d 877 (1986); *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984); *Hagee v. City of Evanston*, 729 F.2d 510, 512 (7th Cir.1984). *Res judicata* applies with full force to civil rights actions. *Migra*, 465 U.S. at 82, 104 S.Ct. at 896. The question whether Torres' claims are barred, therefore, turns upon the preclusive effect of the state judgments under Illinois law.

In Illinois, a final judgment on the merits rendered by a court of competent jurisdiction bars the same parties or their privies from relitigating issues that were raised or could have been raised in the prior action. *Towns v. Yellow Cab Co.*, 73 Ill.2d 113, 122, 22 Ill.Dec. 519, 523, 382 N.E.2d 1217, 1221 (1978); *Pacemakers Food Stores, Inc. v. Seventh Mont Corp.*, 143 Ill.App.3d 781, 784, 97 Ill.Dec. 727, 493 N.E.2d 390, 393 (2d Dist.1986); *Morris v. Union Oil Co. of California*, 96 Ill.App.3d 148, 154, 51 Ill. Dec. 770, 774, 421 N.E.2d 278, 282 (5th Dist.1981). The essential elements of the doctrine are (1) an identity of parties or their privies in the two suits; (2) an identity of causes of action in the earlier and in the later suit; and (3) a final judgment on the merits in the earlier suit. *Pfeiffer v. William Wrigley Jr. Co.*, 139 Ill.App.3d 320, 322, 92 Ill.Dec. 332, 334, 484 N.E.2d 1187, 1189 (1st Dist.1985); *Lee v. City of Peoria*, 685 F.2d 196, 199 (7th Cir.1982). A final judgment on the merits not only settles issues that were actually litigated in the prior action but also issues that might have been raised and litigated in the prior action. *Yaw v. Beeghly*, 109 Ill.App.3d 627, 632, 65 Ill.Dec. 211, 214, 440 N.E.2d 1066, 1069 (1st Dist.1982).

The party asserting the defense of *res judicata* has the burden of showing with clarity and certainty what was determined by the prior judgment. *Redfern v. Sullivan*, 111 Ill.App.3d 372, 377, 67 Ill.Dec. 166, 170, 444 N.E.2d 205, 209 (4th Dist.1982). Any doubt as to what was decided in the earlier action must be resolved against an application of *res judicata*. *People ex rel. Scott v. Chicago Park District*, 66 Ill.2d 65, 68, 4 Ill.Dec. 660, 662, 360 N.E.2d 773, 775 (1976); *Rotogravure Service, Inc. v. R.W. Borrowdale Co.*, 77 Ill.App.3d 518, 525, 32 Ill.Dec. 762, 768, 395 N.E.2d 1143, 1149 (1st Dist.1979).

---

3. Given our conclusion, that Torres is entitled to proceed with all of her damage claims, there is no need to consider whether the district court correctly determined that she was barred from suing for damages occurring subsequent to the state court judgment. *See, e.g., Gasbarra v. Park-Ohio Industries*, 655 F.2d 119, 122 (7th Cir.1981).

## A. EQUITABLE CLAIMS

■ The defendants contend that Torres' equitable claims are barred as *res judicata*. In this connection, it is undisputed that the parties here are the same or are in privity with those in the state court suit. In addition, although Torres' theory of relief has changed, the wrongful conduct that Torres alleges as constituting discrimination in this suit was at the heart of her state court suit. Torres argues, however, the third requirement—dismissal on the merits of her equitable claims—did not occur.

In Illinois, a judgment on the merits is one that determines the respective rights and liabilities of the parties based on the ultimate facts on which the right of recovery depends as disclosed by the pleadings or evidence. *Style Builders, Inc., v. Fuernstahl*, 32 Ill.App.3d 272, 275, 336 N.E.2d 369, 371 (1st Dist.1975). A judgment is final when the court has adjudicated the parties' rights "in a conclusive and definite manner." *People ex rel. Williams v. Board of Education of Pawnee Township High School*, 350 Ill. 597, 601, 183 N.E. 633, 634 (1932).

The agreement of the parties, as reflected in the Chancery Court's order, dismissed Torres' claims for equitable relief "with prejudice." Illinois law is clear that a dismissal with prejudice is a final adjudication on the merits and will bar a subsequent suit brought on the same cause of action. *Bronstein v. Kalcheim*, 126 Ill. App.3d 643, 646, 81 Ill.Dec. 857, 860, 467 N.E.2d 979, 982 (1st Dist.1984); *Morris v. Union Oil Co. of California*, 96 Ill.App.3d 148, 156, 51 Ill.Dec. 770, 774, 421 N.E.2d 278, 284 (5th Dist.1981); *VanSlambrouck v. Marshall Field & Co.*, 98 Ill.App.3d 485, 487, 53 Ill.Dec. 888, 891, 424 N.E.2d 679, 682 (1st Dist.1981). Torres asserts that the dismissal was not an adjudication on the merits because there was no hearing and the dismissal was voluntary. But *res judicata* applies even if the dismissal was the result of a settlement or compromise between the parties. *Barth v. Reagan*, 146 Ill.App.3d 1058, 1064, 100 Ill.Dec. 541, 545, 497 N.E.2d 519, 523 (2d Dist.1986) (citing

cases); *Keim v. Kalbfleisch*, 57 Ill.App.3d 621, 624, 15 Ill.Dec. 219, 222, 373 N.E.2d 565, 568 (5th Dist.1978); *Kraly v. National Distillers & Chemical Corp.*, 502 F.2d 1366, 1368 (7th Cir.1974).

Torres suggests that an Illinois court will, in some cases, disregard the words "with prejudice" where the parties or the court did not intend to address the merits of the case. She relies upon *People v. Loevy*, 2 Ill.App.3d 407, 275 N.E.2d 434 (2d Dist.1971) and *Bernhardt v. Fritzshall*, 9 Ill.App.3d 1041, 293 N.E.2d 650 (1st Dist. 1973). In *Loevy*, the court held that a dismissal of an ordinance violation with prejudice was not an adjudication on the merits. As the defendants point out, however, in *Loevy* the dismissal was a mistake, which none of the parties intended or believed would affect a later state prosecution. *Loevy*, 2 Ill.App.3d at 409, 275 N.E.2d at 436. In *Bernhardt*, on the other hand, the court was interpreting the words "withdrawal with prejudice." The court found an ambiguity in that "withdrawal" meant nothing more than that the petition was withdrawn from the court's consideration. Therefore, the court looked to the record of the proceedings before the lower court to determine the effect of the order. *Bernhardt*, 9 Ill.App.3d at 1047, 293 N.E.2d at 655.

Neither *Loevy* or *Bernhardt* applies to the case before us. There is no mistake or ambiguity here. The term "with prejudice" clearly means that the judgment bars a later action. Illinois law provides that a consent judgment dismissing a claim with prejudice is a final judgment on the merits. *Barth*, 146 Ill.App.3d at 1064, 100 Ill.Dec. at 545, 497 N.E.2d at 523. Thus, under Illinois law, Torres' equitable claims are barred by *res judicata*.

## B. DAMAGE CLAIMS

The defendants argue that Torres accepted a settlement with respect to the equitable claims and that the present suit for damages constitutes an impermissible splitting of her cause of action. Torres argues, however, that the rule prohibiting the splitting of claims does not apply where, as

here, the judgment in the first action specifically reserves, by use of the words "without prejudice," the plaintiff's right to bring the second action. We find Torres' argument persuasive.

The doctrine against splitting a cause of action is, of course, closely related to the doctrine of *res judicata.* Illinois, like most states, does not permit a plaintiff to sue for part of a claim in one action and then sue for the remainder in another action. *Radosta v. Chrysler Corp.,* 110 Ill.App.3d 1066, 1068, 66 Ill.Dec. 744, 746, 443 N.E.2d 670, 672 (1st Dist.1982); *Wilson-Jump Co. v. McCarthy-Hundrieser & Assoc.,* 85 Ill. App.3d 179, 184, 40 Ill.Dec. 230, 234, 405 N.E.2d 1322, 1326 (1st Dist.1980); *Baird & Warner, Inc. v. Addison Industrial Park, Inc.,* 70 Ill.App.3d 59, 63–64, 26 Ill.Dec. 1, 5–6, 387 N.E.2d 831, 837 (1st Dist.1979). Nor can a plaintiff pursue a separate action for monetary damages after first securing injunctive relief in a suit arising out of the same cause of action. *Howard T. Fisher & Assoc., Inc. v. Shinner Realty Co.,* 24 Ill. App.2d 216, 223, 164 N.E.2d 266, 270 (1st Dist.1960).

We have found no Illinois cases presenting facts like those before us. Torres, however, refers us to Supreme Court Rule 273 which states: "[U]nless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits." Ill. Rev.Stat. ch. 110A, para. 273 (1985). Rule 273 does not apply in this case because there was no involuntary dismissal. But the language of the rule does lend some support to Torres' argument that a court order may specify that a dismissal will not operate as an adjudication upon the merits. In addition, there are cases holding that "there may be more than one judgment in the same cause. The court may dispose of a segment of the litigation and render judgment thereon, reserving the remaining issues for trial at a later time." *Zimmerman v. Bankers Life & Casualty Co.,* 324 Ill.App. 370, 374, 58 N.E.2d 267, 269 (1st Dist.1944). *See also Baron v. Coronet Insurance Co.,* 47 Ill.App.3d 95, 100, 5 Ill. Dec. 476, 481, 361 N.E.2d 799, 802 (1st Dist.1977) (no *res judicata* effect where the court specifically states that the issue has not been adjudicated). Moreover, in Illinois a dismissal without prejudice is not an adjudication on the merits and does not give rise to the defense of *res judicata.* *Ervin v. Sears, Roebuck & Co.,* 127 Ill. App.3d 982, 988, 82 Ill.Dec. 709, 714, 469 N.E.2d 243, 248 (5th Dist.1984) (voluntary dismissal of federal litigation by stipulation of the parties not *res judicata* as to subsequent state court suit); *Austin's Rack, Inc., v. Gordon & Glickson,* 145 Ill.App.3d 500, 502, 99 Ill.Dec. 402, 404, 495 N.E.2d 1137, 1139 (1st Dist.1986); *Handley v. Unarco Industries,* 124 Ill.App.3d 56, 62, 79 Ill.Dec. 457, 463, 463 N.E.2d 1011, 1017 (4th Dist.1984); *Aetna Casualty & Surety Co. v. Looney,* 98 Ill.App.3d 1057, 1061, 54 Ill. Dec. 444, 448, 424 N.E.2d 1347, 1351 (4th Dist.1981).

The defendants nevertheless claim that *Baird & Warner, Inc. v. Addison Industrial Park, Inc.,* 70 Ill.App.3d 59, 63–64, 26 Ill.Dec. 1, 7, 387 N.E.2d 831, 837 (1st Dist. 1979), holds that the rule against claim splitting bars a subsequent suit even if the earlier claims were dismissed without prejudice. We do not agree. In *Baird,* the plaintiff brought a ten-count lawsuit in 1970 against several defendants. Counts II and V went to trial and resulted in a verdict for the defendants. Summary judgment was also entered for the defendants on Count IX. Count IX was later voluntarily dismissed without prejudice. Counts VIII and X were dismissed and Counts I, III, IV, and VII were voluntarily dismissed without prejudice. In 1976, the plaintiff brought a second suit in which he attempted to relitigate the claims that had been stated in Counts I, II, V, and IX of the 1970 complaint. Since the claims in Counts II and V had been litigated at the first trial, the plaintiff was barred from relitigating them. The claims in Count I were also barred, even though Count I had been dismissed without prejudice because Count II of the 1970 complaint had incorporated Count I by reference. *Id.* at 72, 26

Ill.Dec. at 13, 387 N.E.2d at 843. The court also found that the claims in Count IX were barred even though dismissed without prejudice because summary judgment had been entered before the dismissal and the summary judgment had never been vacated. *Id.* at 66, 26 Ill.Dec. at 9, 387 N.E.2d at 839. The plaintiff in *Baird* never attempted to relitigate Counts III, IV, and VII, the counts that had unequivocally been dismissed without prejudice. Hence, *Baird* is quite distinguishable.

The *Restatement (Second) of Judgments* addresses the precise issue in this case. Section 26 of that restatement provides that the rule against claim splitting does not apply where the parties have agreed that a plaintiff may split his claim or the court in the first action has expressly reserved the plaintiff's right to maintain the second action.[4] Comment b is particularly pertinent. It provides: "A determination by the court that its judgment is 'without prejudice' (or words to that effect) to a second action on the omitted part of the claim, expressed in the judgment itself, or in the findings of fact, conclusions of law, opinion, or similar record, unless reserved or set aside, should ordinarily be given effect in the second action...." *Restatement (Second) of Judgments* § 26 comment b (1982).

Although we have found no Illinois case citing to § 26 of the *Restatement (Second)*, we believe that Illinois would apply the exception noted in that section. Illinois courts frequently rely on other portions of the Restatement in deciding *res judicata* issues. *See, e.g., Housing Authority for LaSalle County v. Young Men's Christian Assoc.*, 101 Ill.2d 246, 254, 78 Ill.Dec. 125, 129, 461 N.E.2d 959, 963 (1984); *Williams v. Madison County Mu-*

*tual Automobile Ins. Co.*, 40 Ill.2d 404, 407, 240 N.E.2d 602, 604 (1968); *Adams v. Pearson*, 411 Ill. 431, 442, 104 N.E.2d 267, 273 (1952); *International Brotherhood of Electrical Workers v. Angelacos*, 144 Ill. App.3d 1060, 1063, 99 Ill.Dec. 179, 181, 495 N.E.2d 626, 628 (2d Dist.1986); *Raper v. Hazelett & Erdal*, 114 Ill.App.3d 649, 651, 70 Ill.Dec. 394, 396, 449 N.E.2d 268, 270 (1st Dist.1983); *Johnson v. Nationwide Business Forms, Inc.*, 103 Ill.App.3d 631, 634, 59 Ill.Dec. 339, 341, 431 N.E.2d 1096, 1098 (1st Dist.1981); *Rotogravure Service*, 77 Ill.App.3d at 525, 32 Ill.Dec. at 768, 395 N.E.2d at 1149; *Hilti, Inc. v. Griffith*, 68 Ill.App.3d 528, 532, 24 Ill.Dec. 859, 862, 386 N.E.2d 63, 66 (1st Dist.1978); *Country Mutual Ins. Co. v. Regent Homes Corp.*, 64 Ill.App.3d 666, 670, 20 Ill.Dec. 538, 541, 380 N.E.2d 516, 519 (5th Dist.1978); *Pierog v. H.F. Karl Contractors, Inc.*, 39 Ill.App.3d 1057, 1061, 351 N.E.2d 249, 253 (1st Dist. 1976); *Consolidated Builders & Supply Co. v. Ebens*, 24 Ill.App.3d 988, 992, 322 N.E.2d 248, 251 (2d Dist.1975). We have not found any Illinois cases that are inconsistent with the position of the *Restatement.* Since Illinois law permits a court to dispose of part of a case while reserving the balance for later trial, Illinois would follow the *Restatement*'s exceptions to the rule against claim splitting and would permit Torres to proceed on her damage claims.

This conclusion is supported by cases in other states involving similar facts. *See City of New York v. Caristo Construction Co.*, 94 App.Div.2d 688, 463 N.Y.S.2d 17 (1983), *aff'd*, 62 N.Y.2d 819, 477 N.Y.S.2d 603, 466 N.E.2d 143 (1984) (federal district court order dismissing one claim with prejudice and another claim without prejudice was not *res judicata* as to subsequent

---

4. The Restatement (Second) of Judgments § 26 (1982) provides:

Exceptions to the General Rule against splitting

(1) When any of the following circumstances exists, the general rule of § 24 [splitting] does not apply to extinguish the claim, and part or all of the claim subsists as a possible basis for a second action by the plaintiff against the defendant:

(a) The parties have agreed in terms or in effect that the plaintiff may split his claim, or the defendant has acquiesced therein; or
(b) The court in the first action has expressly reserved the plaintiff's right to maintain the second action; or

&ast; &ast; &ast; &ast; &ast; &ast;

The Restatement of Judgments § 62 (1942) also provides for an exception to the rule against claim splitting where the defendant has consented to splitting the cause of action.

state court suit on claim dismissed without prejudice); *Charles E.S. McLeod, Inc. v. R.B. Hamilton Moving & Storage,* 89 App. Div.2d 863, 453 N.Y.S.2d 251 (1982) (rule prohibiting claim splitting does not apply where the parties have agreed to split claim by settling only part of the dispute between them); *Keystone Building Corp. v. Lincoln Savings & Loan Assoc.,* 468 Pa. 85, 360 A.2d 191 (Pa.Sup.Ct.1976) (no *res judicata* where the conduct of the court and the parties and the language of the earlier consent decree indicated that the parties intended to consent to judgment on one issue and reserve their right to fully litigate the other). *See also Thompson-Haywood Chemical Co. v. Cypress Mines Corp.,* 8 Kan.App.2d 487, 660 P.2d 973 (1983) (dismissal without prejudice of action for injunctive relief on the ground that plaintiff had an adequate remedy at law was not *res judicata* as to subsequent damage suit). A number of cases have also held that a defendant may waive the rule against claim splitting since the rule is for its benefit. *See Story v. Rivers,* 220 Ga. 232, 138 S.E.2d 304 (1964) (defendant is presumed to have waived rule if he does not interpose timely objection based on a prior settlement, judgment or pending action); *Miller Manufacturing Co. v. Zeiler,* 45 N.Y.2d 956, 411 N.Y.S.2d 558, 383 N.E.2d 1152 (1978) (defendant was free to move to resettle or to appeal the dismissal insofar as it was without prejudice; having failed to do so at the proper time, he may not do so now); *King v. City of Guymon,* 523 P.2d 1154, 1159 (Okla.Ct.App.1974) (rule against claim splitting is waived by defendant's failure to timely assert it); *A.F. Funkhouser v. Hurricane Fence Co.,* 524 S.W.2d 780, 782 (Tex.Civ.App.1975) (same).

Finally, a contrary conclusion would not serve the policies underlying the doctrine of *res judicata*—protection of the defendant from harassment and the promotion of judicial economy. Here, the agreed upon judgment gave the defendants fair warning of a later suit. If they intended to protect themselves from a subsequent damage suit, they should have clarified the matter in the consent judgment. *See Adams v.*

*Pearson,* 411 Ill. 431, 442–43, 104 N.E.2d 267, 273 (1952) (where policies which underlie the doctrine of *res judicata* are not applicable, there is no justification for applying the doctrine). Further, a contrary interpretation would contradict the public policy that favors giving effect to settlement agreements. *See Barth,* 146 Ill. App.3d at 1067, 100 Ill.Dec. at 547, 497 N.E.2d at 525. The defendants had the burden of proving that Torres' damage claims are barred and they have not met that burden. On the other hand, as we have indicated, Torres' equitable claims are barred. Accordingly, we reverse in part and remand to the district court for further proceedings not inconsistent with this opinion.

AFFIRMED IN PART and REVERSED AND REMANDED IN PART.