Parish v. Bainum et al., 202 Ill. App. 563.

Mr. Presiding Justice Higbee delivered the opinion of the court.

## Abstract of the Decision.

1. Roads and bridges, § 21*—*when prescriptive highway not established.* Evidence in an action for obstructing a highway, *held* insufficient to show the existence of a highway by prescription.

2. Trial, § 69*—*when limitation in number of witnesses improper.* Limitation as to number of witnesses to prove an essential and strongly controverted point, *held* erroneous, particularly where the limitation was applied to the witnesses for only one of the parties.

---

# Francis M. Parish, Appellant, v. Noah C. Bainum and Charles A. Bainum, Appellees.

1. Joint adventures, § 6*—*when right to share in profits is not forfeited.* Where, under an arrangement for the purchase of land for platting and sale, one of the parties was to furnish the purchase money and to receive a percentage of the profits of the sale, the failure of such party to furnish all of the purchase money required did not forfeit his right to share in the profits at the agreed rate, where the money furnished was accepted by the other parties to the agreement without requiring him to submit to a reduction of his interest in the profits *pro tanto.*

2. Joint adventures—*what does not constitute release of interest in enterprise.* Where one of several parties to a written contract for their joint enterprise and profit took the note of the other parties thereto for their part of the purchase money used in such enterprise, as provided in such contract, and thereafter said note was in part paid and surrendered and two new notes given for the remainder due' thereon, *held* that such division of the balance due on the original note into two notes did not operate as a release of the payee's interest in the enterprise under said contract.

3. Judgment, § 419*—*when dismissal of suit is not bar to subsequent suit.* Where a suit was dismissed on complainant's motion without prejudice, after answer upon oath filed under a bill not waiving answer under oath, *held* that the matters set up in such

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

answer are not *res judicata* in a second suit for the same relief, distinguishing the case of *Mey v. Gulliman*, 105 Ill. 272.

4. EQUITY, § 321*—*when sworn answer will be given full credit in subsequent suit.* The sworn answer to a bill not waiving answer under oath dismissed without prejudice on complainant's motion will be considered and given full credit in another suit for the same relief.

5. ACCOUNT, § 23*—*when defense of statute of limitations does not apply.* The defense of the statute of limitations does not apply in a suit for accounting upon a contract where the business to be accomplished by such contract is not completed.

Appeal from the Circuit Court of White county; the Hon. J. C. EAGLETON, Judge, presiding. Heard in this court at the March term, 1916. Reversed and remanded. Opinion filed November 13, 1916. Petition for *certiorari* dismissed.

S. G. GEE and JAMES M. ENDICOTT, for appellant.

W. F. SCOTT and E. B. GREEN, for appellees.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This is an appeal from a decree dismissing a bill filed by appellant against appellees for an accounting, growing out of a partnership alleged to have existed between all the parties. There are no errors assigned other than the entering of the order dismissing the bill for want of equity, and appellant contends that the proofs show he was entitled to equitable relief and his bill should not have been dismissed.

The evidence introduced on the trial shows that Noah C. Bainum desired to open up an addition to Mt. Carmel, Illinois, having just finished selling an addition to Bicknell, Indiana; that he knew appellant, who lived in Carmi, had some ready money and asked him to join in an enterprise. After Noah C. Bainum had interviewed the agents of the tracts of land he contemplated buying and platting, a written

agreement was entered into between complainant, appellees and one J. S. Sweeney, concerning the enterprise. Sweeney afterwards died and his interest was acquired by appellee Charles A. Bainum. The contract dated November 21, 1906, recited that Noah C. Bainum had for the benefit of all the parties contracted to purchase of Bernard S. Landes of Mt. Carmel, Illinois, certain real estate, owned by him at that place, consisting of thirty or more acres at $460 an acre; that appellant was to furnish the money to pay for the land and appellee and Sweeney were to execute to him their promissory note for their part of the purchase money; that the title to the land should be taken in the name of Noah C. Bainum for the convenience of all parties and as their trustee, who should subdivide and sell the property upon such terms as should be agreed upon by the parties; that he should be paid for his services ten per cent. of the gross amount of the sales, out of which he was to pay any assistance employed by him; that after the payment of all expenses, the money derived from the sale of lots should be applied to the satisfaction of the note of appellant and the balance divided among the parties as follows: One-sixth to Charles A. Bainum, one-sixth to J. S. Sweeney, two-sixths to Noah C. Bainum and two-sixths to Francis M. Parish; that when lots were sold Noah C. Bainum was to execute and deliver to the purchaser a sufficient deed on behalf of all the parties. It was found when the land was measured that it contained about forty-five acres and the purchase price amounted to $20,092.80. Appellant, when applied to for the money required to purchase the land, stated that he could raise but $15,000, for which amount he gave his check, and the balance was procured by appellees and Sweeney, who also executed their note payable to appellant, in one year from date with interest at the rate of six per cent. per annum. The deed was taken in

the name of Noah C. Bainum, as trustee, and he thereupon caused the purchased land to be surveyed, platted into lots and put upon the market as contemplated by the agreement. On January 12, 1907, which was about a month before the $15,000 note to appellant became due, arrangements were made by which the same was surrendered to the makers thereof, and the balance due thereon, amounting to $11,378.92, was divided into two notes payable to appellant, each for the sum of $5,689.46, payable in six months with interest at the rate of six per cent. per annum and executed by the same parties. These notes were afterwards indorsed by appellant and sold to two banks in Carmi, and after having been renewed a number of times were paid off by appellee Noah C. Bainum. Differences having arisen between appellant and the other parties, appellant filed a bill against appellees, the only other parties claiming interest in the enterprise, claiming that there was due him a considerable sum of money under said contract for the profits derived from the sale of lots and asking that the partnership be dissolved and an accounting had. The answer of appellees set out a history of the transaction according to their views of it, admitted that all the expenses of said business and alleged partnership had been paid but denied that appellant had any interest in said business or that there was anything due him on an accounting and settlement of the affairs thereof. They further denied that appellees or either of them had ever been a partner of or trustee for appellant in this matter, or that they had any account, money or contract, books or other things relating to said business or alleged copartnership in which appellant has now or ever had any interest or claim. The answer further stated that at the time the balance of $11,378.92 was divided into two notes, appellant agreed with appellee Noah C. Bainum, acting for himself and the other

makers of the note, that if they would allow him to withdraw his money from said investment and business, he would in consideration thereof, and did, withdraw from said business, and agreed that the same should be terminated, dissolved and the business settled. Appellees also set up as a defense the statute of limitations and laches on the part of appellant in prosecuting his suit. Upon the hearing the court dismissed appellant's bill for want of equity and he has brought the record to this court for review.

The matters of defense urged by appellees are: First, that as appellant failed to furnish the whole amount he had agreed to provide by the contract he is not entitled to one-third of the profits; second, that if he was originally entitled to a share in the profits he abandoned such right by the agreement made by him when the balance due on the large note was divided into two notes; and third, that he lost any interest he may have had by operation of law when he took up the $15,000 note. It is true that the contract provided that appellant was to furnish the money to pay for the land subdivided, which called for $20,092.80, and that he in fact furnished a less amount, to wit, the sum of $15,000. The parties associated with appellant, however, accepted from him the amount furnished and procured the balance necessary to complete the purchase elsewhere without, so far as the proofs show, requiring appellant to forfeit any of his rights under the contract. The consideration which induced appellant to furnish the money was not alone the repayment to him by his associates of the amount furnished with six per cent. interest, but that which induced him to furnish the money and enter into the contract was that, in addition to such repayment and interest, he was to have a share in the profits of the enterprise. Appellee Noah C. Bainum was to be paid for his services ten per cent. of the gross amount of the

sales, and the services which Charles A. Bainum and J. S. Sweeney were to render, according to the contract, consisted only of the execution of a note with Noah C. Bainum to appellant for their part of the necessary money to pay for said land. It turned out that for about one-fourth of the purchase money, the last three executed their note payable to another party than appellant and they might well have required him to lessen his interest somewhat in the possible profits, but they did not require him to do so, and notwithstanding the fact that he furnished less money than he originally agreed to do, he retained his rights under the contract and his interest in the profits was not curtailed. He was therefore entitled to a share in the fruits of the undertaking unless subsequent to the time he furnished the money he abandoned the contract or did something to forfeit his rights. The testimony on the part of appellees does not show a direct promise on the part of appellant when he requested that the balance of the $15,000 note be divided into two notes, that in consideration of such a division he would release his interest under the contract, nor was anything said at that time so far as shown by the proof on the part of appellees from which the inference could reasonably be drawn that appellant intended to release his rights at that time. On the other hand, appellant's own testimony shows that he did not intend to release his rights by such transaction, and he also introduced proof tending to show that appellees afterwards recognized his rights under the contract. The proof, as a whole, failed to sustain appellees' defense of an actual surrender on the part of appellant. Nor does it appear to us that the division of the balance due on the original note into two notes, signed by appellant's associates, operated as a release of his interest in the enterprise under the contract. By the division of the one note into two and the sale of the same by

appellant to other parties, no additional hardship was imposed upon the signers, and they in fact obtained an extension of time for the payment of the amount due. The notes were indorsed by appellant, and while he obtained the money on them he of course lost the right to collect interest from his associates as provided by the original notes. Upon the whole we have concluded that the proofs in the case show the equities to have been with appellant.

A former bill had been filed by appellant for substantially the same relief asked for here, not waiving answer under oath, to which an answer under oath had been filed and the bill was afterwards dismissed on motion of complainant. Appellees raise the question as to whether the dismissal of that suit did not render the matters alleged in the bill and denied in the answer *res adjudicata* between the parties, and rely on the statement made by our Supreme Court in *Mey v. Gulliman,* 105 Ill. 272, that: "In a suit in chancery, where the bill calls for answers under oath, and where sworn answers have been filed denying the equities of the complainant, and where no replication has been filed, and where, after answers are so filed, it is, on motion of complainant, ordered by the court that the bill be dismissed at the costs of the complainant, and no other words of the order indicate that the bill is to be dismissed without prejudice, it is a very grave question whether such an order can be set up successfully as a complete bar to a subsequent suit by the same complainant against the same defendants, seeking the same relief, and upon the same alleged equities." It is sufficient answer to this question, however, to say that the record in this case shows that the former case was dismissed upon motion of the complainant "without prejudice," consequently the doctrine referred to does not apply.

In considering the weight of the proofs in this case,

however, we have taken into consideration the sworn answer filed in that case and given full credit to it as evidence in this case. The defense of the statute of limitations and laches set up by appellees does not apply under the facts in this case for the reason that the partnership business, or the business to be accomplished under the contract, does not yet appear to have been completed. For the reasons above given, the decree will be reversed and the cause remanded for further proceedings in the court below, which will afford the appellant the right to the accounting prayed for in his bill of complaint.

*Reversed and remanded.*