AUSTIN'S RACK, INC., *et al.*, Plaintiffs-Appellants, v. GORDON & GLICKSON, P.C., Successor or a/k/a Gordon, Elden, Schlack, Glickson & Gordon Associates, P.C., *et al.*, Defendants-Appellees.

First District (4th Division) Nos. 85—0392, 85—1354 cons.

Opinion filed June 19, 1986.

David H. Locks, of Chicago, for appellants.

McDermott, Will & Emery and Lord, Bissell & Brook, both of Chicago (Alan S. Rutkoff, Paul J. Kozacky, Don W. Foler, Hugh C. Griffin, and Diane I. Jennings, of counsel), for appellees.

JUSTICE JIGANTI delivered the opinion of the court:

In a four-count complaint, the plaintiffs, both corporate and individual, brought a legal-malpractice action against the defendant law firm and certain individual attorneys of that firm. The defendants moved to dismiss the complaint for failure to state a cause of action. On January 16, 1985, the trial court dismissed counts I, II and III on the grounds that the action is premature. The court dismissed these counts without prejudice. Count IV was dismissed with prejudice. No appeal is taken from the dismissal of count IV. However, with regard to count IV, the court granted the defendants' motion for expenses and attorney fees under section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—611) based upon the fact that untrue allegations were stated in that count. On April 10, 1985, the court assessed against the plaintiffs $2,000 in expenses and attorney fees. The plaintiffs now appeal the dismissal order of January 16, 1985, as to counts I, II and III and the order of April 10, 1985.

A preliminary issue to be addressed is whether this court has jurisdiction to hear the appeal from the January 16, 1985, order dis-

missing counts I, II and III "without prejudice." The defendants first argue that the presence of the words "without prejudice" prevents that order from being considered final and appealable. The defendants also argue that since at the time of filing the notice of appeal there was still pending a section 2—611 claim for attorney fees, the order of January 16 disposed of fewer than all the claims in the action, and therefore, absent a finding under Supreme Court Rule 304(a) (103 Ill. 2d R. 304(a)), the order is not appealable.

■ A judgment is final and appealable if it terminates the litigation between the parties, either on the entire controversy or some definite part, so that, if affirmed, the trial court need only proceed with execution. (*Petersen Brothers Plastics, Inc. v. Ullo* (1978), 57 Ill. App. 3d 625, 631, 373 N.E.2d 416.) When an order leaves a cause still pending and undecided, it is not a final order. (*Gutenkauf v. Gutenkauf* (1979), 69 Ill. App. 3d 871, 873, 387 N.E.2d 918.) This court has held that a dismissal order such as the one before us is nonappealable on its face because of the recitation of the words "without prejudice." (*Arnold Schaffner, Inc. v. Goodman* (1979), 73 Ill. App. 3d 729, 731, 392 N.E.2d 375.) Moreover, our supreme court has stated that the language "without prejudice" in a dismissal order "clearly manifests the intent of the court that the order not be considered final and appealable." (*Flores v. Dugan* (1982), 91 Ill. 2d 108, 114, 435 N.E.2d 480.) Although this is the general rule with regard to the appealability of orders, it must be also recognized that the wording of the order is not in every case dispositive of the issue of appealability. As the plaintiffs correctly point out, it is often the substance and effect of the order that determines finality. (*O'Fallon Development Co. v. City of O'Fallon* (1976), 43 Ill. App. 3d 348, 351-52, 356 N.E.2d 1293.) Nevertheless, in this case we are not persuaded by the plaintiffs' arguments that the effect of the January 16 order is to terminate the litigation.

First, the plaintiffs suggest that they would be unable to refile their cause of action because the action would be barred by the doctrine of *res judicata*. *Res judicata*, however, applies only when there has been a final decision on the merits. (*Spiller v. Continental Tube Co.* (1983), 95 Ill. 2d 423, 432-33, 447 N.E.2d 834.) In this case, the dismissal without prejudice is not a dismissal on the merits. (*Parish v. Bainum* (1916), 202 Ill. App. 563, 569; 23A Ill. L. & Prac. *Judgments* sec. 314, at 101 (1979).) Further, we believe that the absence of a Supreme Court Rule 304(a) finding in this case reflects an intent on the part of the trial court that the dismissal without prejudice not be considered a final order. As a result, because the order is not final any subsequent refiling will not be barred by the doctrine of *res judicata*.

■ In addition, the plaintiffs argue that the statute of limitations for legal malpractice would bar any subsequent refiling of this suit. Again, we do not agree. Under the facts of this case, the plaintiffs' cause of action has not yet accrued so as to even begin the running of the statute of limitations. To state a cause of action for legal malpractice a plaintiff must plead the existence of an attorney-client relationship; a duty arising out of that relationship; a breach of that duty; causation and actual damages. (*Spivack, Shulman & Goldman v. Foremost Liquor Store, Inc.* (1984), 124 Ill. App. 3d 676, 683, 465 N.E.2d 500.) The underlying action giving rise to this instant legal-malpractice action against the defendants is currently pending on appeal in the Court of Appeals for the Eleventh Circuit. In such a posture, it cannot yet be ascertained whether the defendants' alleged negligent conduct will result in actual damage to the plaintiffs; in other words, whether the plaintiff will lose the underlying action. Accordingly, as this court has noted, without the element of actual damages, the plaintiffs' cause of action has not yet accrued. (*Bartholomew v. Crockett* (1985), 131 Ill. App. 3d 456, 465, 475 N.E.2d 1035.) Therefore, contrary to the plaintiffs' argument, the effect of the dismissal order in this case does not terminate the litigation between the parties so as to make the order of January 16, 1985, final and appealable. Consequently, the appeal as to counts I, II and III is dismissed. Having decided the issue of appealability on this basis, we need not address the defendants' argument that the claim for section 2—611 attorney fees would preclude review of the order dismissing counts I, II and III.

The plaintiffs, corporate and individual, also appeal the trial court's order of April 10, 1985, assessing expenses and attorney fees against the plaintiffs. The defendants sought expenses and attorney fees under section 2—611 based upon the contention that at the time of the filing of their complaint, the plaintiffs knew that count IV contained untrue factual allegations. Section 2—611 of the Code of Civil Procedure provides in pertinent part:

> "Allegations and denials, made without reasonable cause and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee, to be summarily taxed by the court upon motion made within 30 days of the judgment or dismissal." Ill. Rev. Stat. 1983, ch. 110, par. 2—611.

■ In the instant case, the alleged untrue statement contained in count IV charges the defendants with wrongfully retaining an exces-

sive fee that should have been remitted to the plaintiffs. At the hearing on the defendants' motion, however, the evidence revealed that the amount in question had, in fact, been applied by the defendants to the plaintiffs' account at the specific direction of the individual plaintiff Gerald Balbirer. The amount was authorized by the plaintiffs to be applied to the plaintiffs' outstanding balances owed to the defendants law firm. This was reflected by a letter agreement between Balbirer and the defendant attorney. This agreement was not, however, mentioned in the complaint. After hearing this evidence the trial court determined that the plaintiffs were jointly and severally liable under section 2—611 to the defendants in the amount of $2,000. All the plaintiffs filed a notice of appeal from this finding as to the amount of fees. Only the individual plaintiff, Norman Brainin, however, specifically appealed the January 16, 1985, finding as to liability under section 2—611. Consequently, as the defendants correctly argue, the remaining plaintiffs, including the individual plaintiff Gerald Balbirer, have waived any question as to liability under section 2—611 and therefore on appeal may only properly challenge the determination as to the amount of fees.

The corporate plaintiffs and Gerald Balbirer argue that the $2,000 judgment of April 10, 1985, was excessive. The record reflects that the defendants sought by way of their section 2—611 motion the sum of $3,446.75. This amount apparently represents 40.42 hour of professional services rendered to defend against count IV. In view of the fact that the determination of the amount of fees to be awarded under a section 2—611 motion is within the discretion of the trial court (*People v. Frieder* (1980), 90 Ill. App. 3d 116, 120, 413 N.E.2d 432), and the fact that the trial court reduced the amount sought by the defendants by approximately $1,400, we do not believe that the amount of $2,000 was unreasonable or excessive, or that the trial court abused its discretion.

The individual plaintiff, Norman Brainin, argues that he should not be liable for attorney fees because count IV was brought by and on behalf of the corporate plaintiffs only. We agree. The only plaintiffs named in count IV are the corporate plaintiffs. Regardless of the defendants' contention that Brainin has an interest in the corporations, there has been no suggestion that the corporate veil in this case should be pierced so as to impose liability on the individual plaintiff. Without such a showing, this court will not on its own initiative speculate as to whether this is a proper case to impose individual liability. Accordingly, the imposition of section 2—611 attorney fees against Brainin was in error and therefore is reversed.

For the foregoing reasons, the appeal from the order of January 16, 1985, finding that the plaintiffs' cause of action against the defendants is premature is dismissed. The order of April 10, 1985, assessing a fee of $2,000 in attorney fees against all plaintiffs is affirmed in part and reversed with respect to the individual plaintiff Norman Brainin, and the order of January 16, 1985, finding the plaintiff Brainin liable under section 2—611 is also reversed.

Affirmed in part and reversed in part.

LINN, P.J., and JOHNSON, J., concur.