CASCADE HEATING AND AIR CONDITIONING COMPANY, INC., Plaintiff-Appellee, v. GEORGE P. WESTBROOK, Defendant-Appellant.

First District (3rd Division)   No. 87—3396

Opinion filed December 14, 1988.

George P. Westbrook, of Chicago, appellant *pro se.*

James S. Beligratis, of Chicago, for appellee.

JUSTICE RIZZI delivered the opinion of the court:

Defendant, George P. Westbrook, appeals from a judgment of the circuit court of Cook County in favor of plaintiff, Cascade Heating and Air Conditioning Company, Inc. (Cascade). On appeal, Westbrook argues that the trial court abused its discretion in (1) not ruling on his counterclaim in the amount of $6,000; (2) entering judgment in favor of Cascade; (3) awarding court costs to Cascade; (4) denying his request for court costs; and (5) denying him the right to introduce technical data. For the following reasons, we dismiss this appeal.

The facts of this case are as follows. On September 26, 1984, Westbrook called Cascade to come to his building and service a boiler that was inoperative. Upon Cascade's inspection of that boiler, Cascade informed Westbrook that he was in need of a new boiler. Westbrook then contracted with Cascade for Cascade to install a boiler in his building. The contract price was $3,500.

Approximately two months subsequent to installation, the pipes that Cascade connected to the boiler burst and Westbrook's basement flooded. Westbrook called Cascade but Cascade informed him that the company could not service him until the next day. Although Westbrook attempted to remove the water, the floor drain ultimately collapsed from the pressure of the water. When Cascade arrived the next day, Westbrook had already hired a company to pump the water out of the basement and repair the floor drain.

Westbrook later informed Cascade that the money owing Cascade would be used to pay the company that had repaired the floor drain and pumped the water out of the basement. Westbrook also informed Cascade that it did not inspect the size of the rooms in the building nor did it evaluate the space needed to be heated by the boiler. As a result, the boiler installed by Cascade was too small and could not

properly heat the building.

To keep the building warm, Westbrook installed storm doors, storm windows and tuckpointed the building. When Westbrook received no further service from Cascade regarding the boiler, he felt that Cascade had breached the contractual agreement. Westbrook thereafter cancelled the bank loan that he had secured to pay for the boiler.

Upon notification from Westbrook that he was not going to pay Cascade for the boiler, Cascade filed suit seeking the balance owing on the contract. Proceeding *pro se*, Westbrook filed a counterclaim seeking damages for the expenses he incurred as a result of Cascade's installing an improper boiler in his building. Following a jury trial, judgment was entered in favor of Cascade on Cascade's complaint against Westbrook. No order or judgment was entered on the counterclaim filed by Westbrook. This appeal followed.

We initially note that for a judgment to be final and appealable, it must terminate either the entire controversy or some definite part of the litigation between the parties so that, if affirmed, the trial court need only proceed with execution. (*Austin's Rack, Inc. v. Gordon & Glickson, P.C.* (1986), 145 Ill. App. 3d 500, 502, 495 N.E.2d 1137, 1139.) Thus, when an order leaves a cause pending and undecided, that order cannot be deemed final or appealable. This principle is clearly stated in Supreme Court Rule 304, which reads as follows:

> "(a) Judgments As To Fewer Than All Parties or Claims— Necessity for Special Finding. If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal." 107 Ill. 2d R. 304.

In the instant case, the record reflects that a counterclaim was filed by Westbrook and that a response to his counterclaim was filed by Cascade. However, devoid from the record is a ruling or judgment entered by the trial court on the merits of Westbrook's counterclaim. Also absent from the record is an express finding by the trial court that no just reason for delaying enforcement or appeal exists with respect to its judgment in favor of Cascade. Rule 304(a) clearly prohibits piecemeal litigation in cases where multiple claims are involved without an express finding from the trial court that there is no just reason for delaying enforcement or appeal of the order or judgment. Thus, in the absence of a ruling from the trial court on Westbrook's counterclaim, we cannot reach the merits of this appeal and

are bound by Rule 304(a) to find that the order appealed from is not a final and appealable order. See *Weidler v. Westinghouse* (1962), 37 Ill. App. 2d 95, 185 N.E.2d 100. Accordingly, this appeal is dismissed.

Appeal Dismissed.

McNAMARA and FREEMAN, JJ., concur.