2024 IL App (1st) 232125-U

FOURTH DIVISION
Order filed: May 16, 2024

No. 1-23-2125

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| ROBBINS PARK DISTRICT, an Illinois Park District, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| KAREN A. YARBROUGH, in Her Official Capacity as | ) | No. 23 COEL 000019 |
| Cook County Clerk, RYAN T. BUCKLEY, ANGELIA | ) | |
| MURPHY-WATTS, and TERRY LEE, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | Honorable |
| (Karen A. Yarbrough, in Her Official Capacity as Cook | ) | Araceli R. De La Cruz, |
| County Clerk, Defendant-Appellee). | ) | Judge, presiding. |

JUSTICE HOFFMAN delivered the judgment of the court.
Presiding Justice Rochford and Justice Martin concurred in the judgment.

**ORDER**

¶ 1    *Held*:    We dismiss this appeal for want of jurisdiction because the dismissal of a claim for a declaratory judgment without prejudice is not final and appealable and the dismissal of a claim for injunctive relief with prejudice is not appealable without an Illinois Supreme Court Rule 304(a) finding that there is no just reason to delay an appeal.

¶ 2     After it mistakenly requested and approved a ballot that instructed voters to select three candidates for an office that had only two available seats, the Robbins Park District ("Robbins") filed a complaint against Karen A. Yarbrough, in her official capacity as Cook County Clerk ("the Clerk"), and the three candidates for the office in question, Ryan T. Buckley, Angelia Murphy-Watts, and Terry Lee, seeking both (1) a declaratory judgment that Buckley was ineligible for the office and (2) an injunction compelling the Clerk to change the election results posted on her office's website to remove Buckley from the list of elected park district commissioners. On the Clerk's motion, the circuit court dismissed the declaratory judgment claim without prejudice and dismissed the claim for injunctive relief with prejudice. Robbins now appeals the dismissal of both of its claims, and it also contends that the circuit court erred in dismissing its claim for injunctive relief with prejudice and without an opportunity to amend. However, we observe that we do not have jurisdiction to review any component of Robbins' appeal. Therefore, we dismiss the appeal.

¶ 3     Before we consider the merits of an appeal, we must first determine whether we have jurisdiction. *Artoe v. Illinois Bell Telephone Co.*, 26 Ill. App. 3d 483, 484 (1975). Starting with Robbins' request for a declaration that Buckley is ineligible for the office of commissioner and that Murphy-Watts and Lee should be awarded the available positions, we do not have jurisdiction to review Robbins' appeal of that claim because it is not final. "By its very terms, our jurisdiction under Supreme Court Rule 304(a) is limited to the review of final orders." *Paul H. Schwendener, Inc. v. Jupiter Electric Co., Inc.*, 358 Ill. App. 3d 65, 73 (2005). The circuit court dismissed Robbins' declaratory judgment claim without prejudice, and it is well established that "[a]n order dismissing an action 'without prejudice' is not deemed final for purposes of appeal." *Paul H. Schwendener, Inc. v. Jupiter Elec. Co., Inc.*, 358 Ill. App. 3d 65, 73 (2005). Even when another

claim is dismissed with prejudice in the same order, a claim that is dismissed without prejudice remains nonfinal and unappealable. See *Austin's Rack, Inc. v. Gordon & Glickson, P.C.*, 145 Ill. App. 3d 500, 503 (1986). Consequently, we do not have jurisdiction to review the dismissal without prejudice of Robbins' claim for a declaratory judgment.

¶ 4 As for Robbins' appeal of the dismissal of its claim for injunctive relief, we likewise do not have jurisdiction over that component of this appeal because, although it was final, the dismissal did not dispose of all claims pending between the parties and was not accompanied by an Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) finding. The Clerk concedes in her brief that the dismissal of Robbins' injunction claim is reviewable under Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017) as an order denying a request for injunction. However, the Clerk misconstrues this issue. "Rule 307(a)(1) applies only to interlocutory injunction orders that merely preserve the status quo pending a decision on the merits" and "conclude no rights." *Santella v. Kolton*, 393 Ill. App. 3d 889, 903 (2009) (citing *Steel City Bank v. Village of Orland Hills,* 224 Ill. App. 3d 412, 416 (1991)). Rule 307(a)(1) does not apply to final orders. *Id.* Rather, final orders disposing of a claim for injunctive relief are only appealable under Rule 301 or 304(a), if applicable. *Id.*

¶ 5 In this case, because Robbins' claim for declaratory relief remains pending, Rule 304(a) applies. That rule provides that, "if multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both." *Id.* The circuit court issued a final judgment as to Robbins' claim for an injunction but not as to its claim for declaratory relief, so Robbins could only appeal from the final judgment if the court made a Rule 304(a) finding that

there is no just reason to delay enforcement or appeal or both. No such finding was made as to the injunctive count in this case. Accordingly, we lack jurisdiction to review the dismissal of Robbins' claim for injunctive relief. See *Santella*, 393 Ill. App. 3d at 904 (concluding that the appellate court lacked jurisdiction to review a final order issuing a mandatory injunction when other claims remained pending in the circuit court and the circuit court had not made a Rule 304(a) finding).

¶ 6    Because we lack jurisdiction over either component of Robbins' appeal, we dismiss this appeal in its entirety and remand the matter to the circuit court.

¶ 7    Appeal dismissed, cause remanded.